10785

SOUTHERN PINE LUMBER CO. v. MARTIN *ET AL.*

(110 S. E. 804)

1. New Trial—Stenographer's Notes Not Necessary in Preparing Appeal.—Under Code Civ. Proc. 1912, § 384, and Rule 5 of the Supreme Court (90 S. E. vii), providing for the preparation of a case on appeal, the use of the Court stenographer's notes in the preparation of the appeal is not necessary, so that a new trial is not authorized because stenographer died without transcribing his notes and no other person could read his notes.

2. Appeal and Error—Trial Judge May Allow so Much of Case as He Sees Fit or Make a Report of Whole Case Himself.— Under Code Civ. Proc. 1912, § 384, and Rule 5 of the Supreme Court (90 S. E. vii), where there was a disagreement in settling the case or allowing proposed amendments because of the death of the stenographer who acted at the trial, the trial Judge who tried the case may allow so much of the proposed case or amendments as he sees fit, or he can make a report of the whole case himself, and the Supreme Court is bound by whatever case the trial Judge makes.

### ON PETITION FOR REHEARING

3. Appeal and Error—Settlement of Case by Trial Judge Held Sufficient.—In action in which the stenographer who acted at the trial had died and no one could read his notes, where the trial Judge approved the case as stated for appeal by plaintiff with a statement that he could not certify that amendments to the case proposed by defendant's counsel contained all that was in the testimony or in the charge to the jury that was substantial or that was objected to on the part of defendant's attorneys, the case was settled by the trial Judge as well as could be done, and the settlement thereof was sufficient.

4. Appeal and Error—Error in Statement of Case on Appeal Held Immaterial.—In an action where the Court stenographer died before appeal and no one could read his notes, and the case was settled by the statement of the trial Judge to which defendant excepted, a statement in the opinion that the settlement by the trial Judge was before the Court without exception was erroneous, but, where it had no effect, is insufficient to cause a reversal of the conclusion of the Court.

5. Appeal and Error—Service on Opposing Counsel of Exceptions to Order of Trial Judge Settling Case on Appeal Not Equivalent to Serving on Opposing Counsel Case With Exceptions.—Under Code Civ.'Proc. 1912, § 384, providing that in appeal to the Supreme Court the appealing party shall prepare a case with exceptions and serve them on the opposite party or his attorney, service on opposing counsel by counsel of the appealing party of exceptions to an order of the trial Judge settling a proposed case for appeal was not equivalent to service of a case with exceptions as required by the statute, and an appeal so presented was not valid.

Before Moore, J., Spartanburg, March, 1920. Appeal dismissed.

Action by Southern Pine Lumber Co. against D. L. L. Martin and A. B. Cantrell. From judgment for plaintiff the defendants served notice of appeal, but on account of the death of the Court stenographer claimed that the case could not be made up. Respondent served a proposed case and on hearing before the trial Judge to settle the case he filed an order as follows:

After reading the proposed amendments to the case with exceptions on the part of respondent attorneys, I am satisfied that substantially what is set forth did take place, but I cannot say that these amendments contain all that was contained in the testimony or in the charge to the jury that was substantial or that was objected to on the part of defendant-appellants' attorneys. The case was a long one and the testimony voluminous, and I am unable to give an abstract as to all that transpired involving the merits of the case or the law as charged by me applicable thereto in the absence of the stenographer's transcript. With these qualifications the amendments are allowed.

Ernest Moore,<br>Presiding Judge.

The following are the grounds presented in appellant's petition for rehearing:

(1) That a material point has been inadvertently overlooked by the Supreme Court in its opinion filed December 19, 1912, in the above-stated case, in the following particulars, to wit:

(a) In that the Court failed to consider the exceptions filed by the appellants to the settlement of the case by the presiding Judge, they having held in their opinion that the sole question involved is "whether or not a new trial is to be granted in a law case on the ground that the stenographer, who had taken the testimony at the trial, died without having transcribed his notes and no other person

could read his notes, notwithstanding that the case had been made and settled by the trial Judge," when it appeared in the record that the Judge failed to settle the case, he having stated in his order that the amendments proposed did not contain all the law or all the testimony material to the case.

(b) In that the Court, in holding that "there is no law or rule that requires the use of stenographer's notes in the preparation of an appeal," they having failed inadvertently to consider the fact that, when the law that provided for a Court stenographer was passed, by implication required that the stenographer's notes be used and required to make up the case for appeal, and by implication the law that where there was any doubt as to what took place in the trial, the same should be settled by the stenographer's notes.

(c) In that the Supreme Court inadvertently overlooked the exceptions of appellant to the Judge's order, attempting to settle the case as appears from the following extract of their opinion, to wit: "The provisions of the Statute and the rules of Court were complied with, and the presiding Judge settled the case, and that settlement is before us without exception." When the record shows that the appellants did except to the settlement of the case by the presiding Judge.

From the order of Judge Moore defendants appeal:

*Messrs. John Gary Evans* and *Nicholls & Wyche,* for appellants, cite: *Notes of trial Judge being lost case should be retried*: Harp. Eq. 90. *Same where record cannot be made up for that and other reasons*: 2 R. C. L., par. 216; 25 L. R. A. (N. S.) 860, note; 2 Cyc. 1075, note; 12 Ann. Cas. 1053; 83 Pac. 591 and cases cited: 17 Mich. 325; 35 Mich. 370; 98 Mass. 34; 148 U. S. 245; 67 Mo. 36; 15 Tex. App. 336; 54 S. W. 1054; 32 Neb. 201; 82 N. C. 243.

*Messrs. Brown & Boyd,* for respondent, cite: *No law or rule making stenographer's transcript necessary*: Code Proc. 1912, Sec. 384; Rule 5 Sup. Ct., Sec. 5, 4 C. J. 139.

*New trial should not be granted*: L. R. A. 1915-B 353 and note.  *Contrary cases are where the transcript is requisite.*

December 19, 1921.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from an order of Judge Moore, and the sole question involved is whether or not a new trial is to be granted in a law case on the ground that the stenographer who took the testimony at the trial died without having transcribed his notes, and no other person could read his notes, notwithstanding that a case had been made and settled by the trial Judge.  The Civil Code of Procedure, § 384, and Rule 5 of this Court (90 S. E. vii), provide how a case on appeal shall be prepared.  There is no law or rule that requires the use of stenographer's notes in the preparation of the appeal.

The authorities quoted by appellant do not apply to the present procedure.  Before 1868 the Circuit Judge could not grant a new trial; the Court of Appeals or the Supreme Court, only, could do that, even in a law case.  In the jurisdictions wherein new trials have been granted for loss of testimony, it is based on a Statute or rule of Court.  That law does not apply in this State, as before stated.

We have a Statute and rule showing how a case is settled.  If there is disagreement in the settling of the case on allowing proposed case or amendments offered, it is the duty of the Judge who tried the case to settle it one way or the other.  He can allow so much of the case proposed, or amendments as he sees fit, or he can make a report of the whole case himself, and we are bound by whatever case the Judge makes.  It is his duty to give some settlement and report in order that the cause may be heard on appeal.

The provisions of the Statute and rules of Court were complied with, and the presiding Judge settled the case,

and that settlement is before us without exceptions. The contention of appellants is without merit and must be overruled, and appeal dismissed.

On petition for rehearing:

February 24, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal of most novel impression. The action is upon a contract for the sale by the defendant of certain lumber which the plaintiff alleges the defendant failed to comply with, to their damage $2,750. The defendant denied that he had failed to comply with the contract and, on the contrary, alleged that he had been always ready to do so, but was prevented by the plaintiff, to his damage $3,000, which he set up as a counterclaim.

The case was tried before Judge Moore and a jury, a mass of testimony was taken; many objections to the rulings of the Judge were entered; the jury found a verdict of $1,250 in favor of the plaintiff.

The defendant served notice of intention to appeal. Before the appellant served his proposed case for appeal, the stenographer who had taken down the proceedings of the trial died. Thereupon the appellant's counsel served upon the opposing counsel a proposed "case" for appeal, which consisted only of the complaint, the answer, a copy of the contract, and this statement:

"Counsel for plaintiffs (defendant?) are unable to frame exceptions, as to the admissibility of evidence or errors in the Judge's charge for the reasons stated in the following affidavit of counsel."

There followed an affidavit by one of the counsel for the defendant and one from J. W. Mansfield, Esq., an ex-expert stenographer, to the effect that upon the adjournment of Court request was made of the official stenographer for

a complete transcript of the proceedings in the case; that before it was furnished the stenographer died suddenly; that Mr. Mansfield was engaged to make the transcript if possible from the notes of the official stenographer; that he was unable to decipher them; that for these reasons it was impossible to reproduce the transcript from which the basis for the defendant's exception could be obtained.

Thereupon the counsel for the plaintiff served upon opposing counsel proposed amendments consisting of a statement in narrative form of the testimony, objections by defendant thereto, and the charge of the Judge. It did not purport to be anything like a full history of the proceedings.

Counsel for defendant refused to allow the proposed amendments, and the "case" was settled by the Judge in the following order:

"After reading the proposed amendments to the case with exceptions on the part of respondent attorneys, I am satisfied that substantially what is set forth did take place, but I cannot say that these amendments contain all that was contained in the testimony or in the charge to the jury that was substantial or that was objected to on the part of defendant-appellants' attorneys. The case was a long one and the testimony voluminous, and I am unable to give an abstract as to all that transpired involving the merits of the case or the law as charged by me applicable thereto in the absence of the stenographer's transcript. With these qualifications the amendments are allowed."

After this order the defendant served no exceptions based upon anything that transpired during the trial, but did serve exceptions to the order settling the "case."

The appellant petitions for rehearing upon grounds which will be reported.

As to the ground number 1a:

The "case" was settled by the Judge as well as he could possibly have done under the circumstances.

As to the ground numbered 1b:

We adhere to the conclusion reached upon this point in the opinion prepared by Mr. Justice Watts.

As to the ground numbered 1c:

The statement in the opinion that "the presiding Judge settled the case, and that settlement is before us without exception," was inadvertently made and is erroneous. We do not think, however, that that is sufficient ground for reversing the conclusion of this Court.

There is in this case no valid appeal from the judgment below. Section 384 of the Code requires the appellant to serve upon opposing counsel a proposed "case with exceptions," which has not been done. Even after the respondent served his proposed amendments, which he was under no obligation to do, and after the Judge settled the "case," the appellant served no exceptions other than exceptions to the order. The fact that the appellant may appeal from an order settling the case presupposes a valid appeal from the judgment. In the absence of exceptions to the judgment, the only remedy open to this appellant was a motion for a new trial; as to the efficacy of which we express no opinion.

The petition is dismissed, and the order heretofore signed staying the remittitur is revoked.