### 12471

### STATE v. RIDGEWAY

### (143 S. E., 811)

1. CRIMINAL LAW—LOSS OF STENOGRAPHER'S RECORD DOES NOT RE-QUIRE GRANTING NEW TRIAL.—Loss of stenographer's record before hearing of motion for new trial *held* not of itself to require granting new trial.

2. CRIMINAL LAW—DENYING NEW TRIAL FOR AFTER-DISCOVERED EVI-DENCE, CUMULATIVE AND ABSENT DUE DILIGENCE, HELD NOT ERROR.—Trial Court *held* not to have abused discretion in refusing to grant a new trial for after-discovered evidence which was only cumulative, and where there had not been due diligence on part of defendant prior to trial to discover evidence.

3. CRIMINAL LAW—NEW TRIAL FOR AFTER-DISCOVERED EVIDENCE IS WITHIN DISCRETION OF PRESIDING JUDGE.—Matter of granting new trial for after-discovered evidence is very much in discretion of presiding Judge who hears motion.

4. CRIMINAL LAW—SUPREME COURT CAN REVERSE FINDING ADVERSE TO PARTY MOVING FOR NEW TRIAL ONLY WHEN CONVINCED TRIAL COURT ABUSED DISCRETION.—Supreme Court can reverse finding

adverse to party who makes motion for new trial only when convinced there was an abuse of discretion on part of presiding Judge who heard motion.

Before BONHAM, J., Greenville, November, 1927. Affirmed.

J. M. Ridgeway was convicted of housebreaking and petit larceny, and he appeals.

*Mr. J. Frank Eppes,* for appellant, cites: *Loss of Court record ground for new trial here:* 110 S. E., 804. *Affidavits not cumulative but prove defendant not guilty beyond a reasonable doubt:* 118 S. E., 804; 108 S. E., 112.

*Solicitor Jas. G. Leatherwood,* for respondent.
June 14, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The defendant was indicted by the grand jury of Greenville County at the May, 1926, term of the Court of General Sessions for the crimes of housebreaking and petit larceny. He was tried at the August term of the same year and the jury returned a verdict of guilty. He gave notice of intention to appeal, but the appeal was not perfected and at the May term, 1927, the said appeal was dismissed. Thereafter the defendant moved for a new trial upon the ground of after-discovered evidence. After some delay this motion was heard at the November, 1927, term of the General Sessions Court for Greenville County before his Honor, M. L. Bonham, presiding Judge who refused the motion. From the order of Judge Bonham the defendant has appealed to this Court.

It appears from the record that the stenographer's notes of the testimony taken at the trial of the defendant were lost or misplaced before the hearing of the motion for new trial. The first exception urges that the Court below should have granted a new trial because of that

fact. The exception is without merit. The loss of the stenographer's record is not a ground for a new trial. *Sou. Pine Lumber Co. v. Martin,* 118 S. C., 319; 110 S. E., 804.

By the second, third, and fourth exceptions error is imputed to the trial Judge in his holdings that the alleged after-discovered evidence was only cumulative and that there had not been due diligence on the part of the defendant in discovering this evidence prior to his trial.

The matter of granting a new trial on after-discovered evidence is very much within the discretion of the presiding Judge who hears the motion. But this Court can reverse a finding adverse to the party who makes the motion when convinced that there was an abuse of that discretion. We fail to find in the record before us any error on the part of the Circuit Judge as alleged. We agree with his Honor that the evidence submitted on the motion was only cumulative, and the defendant had plenty of time before his trial to have discovered such evidence if he had exercised proper diligence.

The judgment of this Court is that the order of Judge Bonham refusing the motion for a new trial be and the same is hereby affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.