DELIA McSHERRY *vs.* J. EUGENE PECKHAM.

MARCH 10, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows and Murdock, JJ.

PER CURIAM.   This is an action on the case for negligence. The plaintiff, while walking along a public highway in the town of Jamestown was run into by an automobile driven by defendant who was going in the same direction as the plaintiff.   The jury returned a verdict for the plaintiff and the defendant moved for a new trial on the usual grounds. The trial justice denied the motion and the defendant filed notice of his intention to prosecute a bill of exceptions. Before he could obtain a transcript of the testimony the stenographer who took the same died.   Thereafter, the defendant not having filed his bill of exceptions, plaintiff moved for the entry of judgment on the verdict.   This motion the trial justice denied and suggested that the defendant present to him for approval a statement of the testimony in lieu of the usual stenographic report of the trial. The defendant has filed such statement together with his bill of exceptions and the case is before us in that form.

Chapter 328, G. L. 1923, makes provision for the appointment of stenographers who "shall report stenographically the proceedings in the trial of every action or proceeding,

civil or criminal, in the superior court." Such stenographer shall, when so directed by a justice of the Superior Court, transcribe his report to be filed with the papers in the case and shall also, on request of either party to a trial or proceeding, make a transcript of the whole or any part of his report. It is contended that said Chapter 328 makes a stenographer an essential part of the court machinery and therefore a party to a trial, desiring to take an appeal and unable to obtain, through no fault of his own, a transcript of the stenographer's report is entitled to a new trial.

We do not conceive this to be the intent of the statute. The purpose of the statute was to make available to the court and a party to the trial the best obtainable record so as to eliminate, so far as possible, disputes and misunderstandings as to proceedings in a given case. But it does not follow that this method of making up a record for an appeal is exclusive or that the stenographer's transcript is conclusive as to what took place at the trial.

Section 19, Chapter 348, G. L. 1923, provides that the bill of exceptions and transcript must be presented to the trial justice for his approval and that the parties have the right to be heard as to the correctness of the transcript. Section 17 of said Chapter 348 empowers the Supreme Court to allow amendments to the transcript.

It is not disputed that the testimony in the instant case, prepared by the defendant and allowed by the court as the transcript to be filed with the bill of exceptions, is a full and fair abstract of the evidence. The defendant's principal complaint is that exceptions were taken to certain parts of the charge to the jury which he contends are not set forth in the transcript through his inability to obtain a stenographic report of the trial. The transcript contains a full, if not a verbatim, report of the charge but defendant does not point out the errors which he contends are contained therein.

It is hardly conceivable that counsel, being of the opinion that the charge or parts thereof were erroneous, could fail

to remember his exceptions thereto. His failure to do so leads to the conclusion that the exceptions to the charge were without merit. We have examined the charge of the trial justice as set forth in the transcript and said charge appears to be a correct statement of the law applicable to the case. We are of the opinion that the record before us is sufficient to enable us to pass upon the merits of the exceptions.

The record presents the typical case where the evidence was conflicting and where the trial justice who heard the witnesses has denied the motion for a new trial; there was sufficient evidence to support the verdict of the jury and the case therefore falls within the rule laid down in *Wilcox* v. *R. I. Co.*, 29 R. I. 292.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for the county of Newport for the entry of judgment on the verdict.

*Sheffield & Harvey, J. Russell Haire* for plaintiff.

*Max Levy*, for defendant.