## HOHENSEE *v.* HOHENSEE

[No. 36, September Term, 1957 (Adv.).]

*Decided, per curiam, July 26, 1957.*

Presented to Brune, C. J., and Hammond and Prescott, JJ.

Motion filed by *Ervin Hohensee, pro se,* for the appellant.
Motion filed by *James M. Rea* for the appellee.

PER CURIAM.

On May 2, 1957, an appeal from the Circuit Court for Prince George's County was docketed in this Court. No transcript of testimony in the trial court was included. On May 9, 1957, the appellee filed a motion entitled "Appellees Motion to Dismiss", which did not in fact contain a prayer for dismissal of the appeal but sought: (1) "an order directing the appellant to include in the record the * * * stenographic records [of three hearings in open court in the trial court] by some date [to be] named in said order under Rule 826 section C subsection 2"; and (2) such other and further relief as might be deemed just and proper. Appended to the motion was a proposed form of order directing the appellant to file the stenographic transcripts on or before a date to be fixed by this Court and providing for dismissal of the appeal upon failure to do so. A certificate of service by mail was set forth at the foot of the petition.

On May 29, 1957, no answer to this petition having been

filed by the appellant, this Court passed an order directing the appellant to cause a copy of the transcript of each of the three hearings to be filed on or before July 1, 1957, directing the Clerk of this Court to enter the case dismissed and to remand the record to the Circuit Court for Prince George's County if the transcripts were not filed by July 1, 1957, and directing the Clerk to send a copy of the order on the date thereof to the appellant by certified mail, return receipt requested. Notice was sent accordingly and the return receipt shows that it was received by the appellant on June 3, 1957. The appellant neither complied with the order nor filed any response thereto until July 2, 1957, on which date he filed a document entitled "Motion to Rescind Order and Dismiss". A certificate of service at the foot thereof signed by the appellant states that he mailed a copy to counsel for the appellee on June 30th.

The appellant complains that the order of May 29, 1957, was not made in accordance with the rules of this Court, since it was issued "before appellant made opposition to said motion." There is no rule requiring this Court to sit by idly until such time as a party may see fit to act. It seems reasonable to infer that the appellant whose address is in Washington, D. C., received notice of the appellee's motion as soon as the original reached the Clerk at Annapolis. Twenty days elapsed, during which time the appellant made no answer. This was more than sufficient time. Even then, this Court entered an order allowing him from May 29th to July 1st within which to complete the record. The appellant did not respond to that order until he filed the motion above referred to, which was received by the Clerk on July 2nd.

The appellant also asserts that the appellee should have filed a counterdesignation of the record, instead of moving to obtain a transcript of the proceedings. This contention is unsupportable in the face of Rule 826 c 2 of the Maryland Rules which requires the appellant to file promptly with the clerk of the lower court, for inclusion in the record, a transcript of all the testimony and to furnish a copy thereof to the appellee, unless the parties stipulate otherwise or the lower court orders otherwise. Neither exception is applicable.

Other matters alleged by the appellant relate to the recording of the proceedings in the Circuit Court and to his efforts to obtain a transcript. No request for an extension of time for transmitting the record appears to have been made to the Circuit Court, and none has been made to this Court, pursuant to Rule 825, unless the appellant's motion filed on July 2, 1957, should be so considered. In it, although the appellant requests an extension as an alternative form of relief he alleges, in paragraph 9, that he "will not ground his appeal on any evidence contained in any transcripts and that such transcripts are thus superfluous and would only clutter up the record."

The appellant charges (by paragraph 7) that "appellee and counsel for appellee entered into a conspiracy to obstruct justice by causing appellant to be unlawfully confined during the morning when the case was called in Court below and thereby perpetrating an unlawful judgment by default." In paragraph 9 he states that he "will base his appeal on the fact that he was unlawfully confined by the co-conspirators and that judgment was surreptitiously taken against him." His charges, if true, would furnish grounds for applying to the Circuit Court to strike out the judgment against him, but on the present record furnish no basis for an appeal.

The appellant's motion to rescind the order of this Court of May 29th, 1957, is denied and the appeal is dismissed.

*Appeal dismissed, with costs.*