■ ANTHONY P. D'AMATO, Appellant, v. WALLACE ROSS, Respondent, et al., Defendants.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from order of Wayne Special Term denying plaintiff's motion for judgment on the pleadings and granting a cross motion for permission to defendant Ross to serve an amended answer and adding a party defendant, in an action to foreclose a mechanic's lien.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ LOUIS J. CASSELLA, Respondent, v. JOHN MANIKAS, Appellant.— Judgment reversed on the law and facts, without costs of this appeal to either party, and a new trial granted. Memorandum: This appeal cannot be decided upon the present record. It appears that the acting County Court stenographer accidentally lost or threw away his minutes after a transcript thereof had been ordered by appellant's attorney. "The fact that the stenographer's minutes of the trial are lost and cannot be obtained or the stenographer is dead does not relieve the trial justice from the duty of settling the case on appeal. Under such circumstances, the case must be settled in accordance with his recollection of what transpired at the trial. This recollection may be supplemented or aided by affidavits offered by the respective parties after notice of settlement is given, but the recollection of the trial justice must control." (8 Carmody-Wait, New York Practice, p. 698; see, also Kay v. Kay, 277 App. Div. 797.) It does not appear herein that the Trial Judge took any part in the settlement of the record. Neither is it disclosed whether or not he kept minutes of the trial or had in his possession a copy of the charge to the jury. An order was signed settling the record which recited only that it contained " the evidence given upon the trial." This did not comply with the statute and rule (Civ. Prac. Act, § 575; Rules Civ. Prac., rule 230). Moreover, such " evidence" consisted of an affidavit made by defendant's attorney as to his recollection of the testimony of the witnesses. If the appeal could be reviewed as to the weight of the evidence, it is impossible to pass upon the claimed errors in the court's charge presented in the same affidavit. Plaintiff's attorney stipulated that such should serve "for purposes of this appeal" but in his brief challenges the sufficiency of the record to permit the court to pass upon the claimed errors. "When one is deprived either of his property or his liberty, the court depriving him of it must have record evidence justifying the action taken, which can be produced when called for, in order that a review may be had by an appellate tribunal." (People v. Hines, 57 App. Div. 419, 422; see, also, People v. Lomoso, 284 App. Div. 670.) It follows that a new trial must be granted. (Cf. People v. Gazza, 278 App. Div. 777.) All concur. (Appeal from a judgment of Herkimer County Court for plaintiff in an action for extra work, labor and materials.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ SAMUEL RAIMONDO, Appellant, v. ANTON SPEAS, Respondent.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Chautauqua Trial Term for defendant for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON L. COHEN, Appellant.— Motion for reargument upon remission from the Court of Appeals denied. Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ STANLEY GERMAINE et al., Respondents, v. SAFEGUARD INSURANCE COMPANY, Appellant.— Motion for reargument denied. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.