## HARRINGTON v. WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 37, September Term, 1962.]

*Decided January 30, 1963.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

BRUNE, C. J., delivered the opinion of the Court.

The applicant, Harrington, was convicted in the Circuit Court for Prince George's County on a charge of robbery with a deadly weapon and was sentenced to twelve years' imprisonment. He later sought a belated appeal, which was denied, and thereafter he sought Post Conviction relief. That was also denied after an apparently full hearing, and Harrington seeks leave to appeal.

His amended petition for relief stated the grounds therefor as follows: "that the State's Attorney in this case knowingly and willfully knew that the testimony of Isaac Melvin Parker, Joseph Robert Smallwood and Dennis Stroy was false and said State's Attorney participated in it and in getting it and that

Dennis Stroy was unlawfully freed by the State of Maryland." The last assertion, if true, does not afford any basis for relief to Harrington. The record before us shows that summons was issued for Stroy to testify at the Post Conviction hearing and that writs of habeas corpus ad testificandum were issued for the production of the applicant and of Smallwood and Parker at the hearing. It also indicates that a transcript of the proceedings at the original trial was furnished to the applicant at public expense prior to the hearing, but no copy is included in the record forwarded to us. Nor is there a copy of the transcript of proceedings at the Post Conviction hearing. In his application for leave to appeal or his arguments in support thereof the applicant makes some complaints with regard to that hearing. Neither transcript is required to be included under our present Rule BK46; and if there were a more informative memorandum of the trial court perhaps we should find no need for either of them in order to determine on the apparent merits whether to grant or deny the application for leave to appeal.

The court's order denying relief is almost in the words of the first section of the Post Conviction Procedure Act (Code (1962 Cum. Supp.), Art. 27, § 645A (a)). It states that the petition is "denied for the reasons that the sentence was not imposed in violation of the Constitution of the United States or the Constitution or laws of this State; that the Court had jurisdiction to impose the sentence; that the sentence does not exceed the maximum authorized by law; that the defendant was duly represented by counsel and that the alleged errors contained in the Petition for Post Conviction Relief are such that should and could have been raised at the trial or by an appeal." Unfortunately, the order is not accompanied by any memorandum, such as is called for by our present Rule BK45 (b) (which was derived from § 645G of the Post Conviction Procedure Act, since repealed by § 1 of Ch. 36 of the Acts of 1962). That Rule states:

> "The order shall include or be accompanied by a short memorandum of the grounds of the petition, the questions, including specifically the federal and State rights involved, and the reasons for the action taken thereon."

We are constrained to grant leave to appeal and to remand the case to the Circuit Court for the filing of a memorandum as contemplated by Rule BK45 (b) and the return of the application and record, including such memorandum to this Court for further consideration of the application for leave to appeal. Cf. *Ellinger v. Warden*, 221 Md. 628, 157 A. 2d 616. (Same case after remand, 224 Md. 648, 167 A. 2d 334.)

> *Leave to appeal granted and case remanded for the filing of a memorandum pursuant to Rule BK45 (b) and the return to this Court of the application and record, including such memorandum, for further consideration of the application.*