MICHIGAN NATIONAL BANK *v.* RACINE, ETC.

[No. 232, September Term, 1963.]

*Decided April 2, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*C. Orman Manahan* for the appellant.

No brief and no appearance for the appellee.

HENDERSON, J., delivered the opinion of the Court.

On November 14, 1962, the Michigan National Bank, a nonresident corporation, brought an attachment proceeding against the appellee, a resident of Baltimore City, doing business at E. Monument Street, upon a note and trust receipt covering the purchase of a home trailer. The short note alleged that the appellee had fraudulently sold the trailer without payment of his

obligation to the plaintiff. An affidavit subsequently filed alleged that the defendant was about to remove his property from this State with intent to defraud creditors. Two attachments were issued. Under the first one the sheriff seized a 1963 Mercury automobile owned by Racine and impounded it at Greenwood's Garage. Under the second attachment, laid in the hands of a local bank, the garnishee confessed assets of $19.42. After a motion to quash and other pleadings, Judge Byrnes held a hearing on the merits and the case was submitted for his determination without a jury. On March 13, 1963, he filed an opinion in which, among other things, he stated: "A full recital of the evidence produced at the hearing would serve no useful purpose. Suffice it to say that the defendant admitted the liability for the debt but denied the allegations of fraud. This court can find no evidence of fraudulent intent at the time the debt was incurred [citing *Turner v. Spencer*, 136 Md. 593, and other cases], nor is there any direct evidence to support the allegation that the defendant removed his property with fraudulent intent." He quashed the attachment but directed the clerk to enter a judgment nisi for the plaintiff in the short note case.

The plaintiff filed a motion for new trial, in the attachment case only, alleging in addition to the usual grounds that there was evidence of constructive fraud and removal of "cash property" from the State. About two months later the plaintiff filed a "supplemental motion for a new trial" alleging that the Court Reporter had informed it that his notes of the hearing of March 13 had been lost. After hearing, on June 13, 1963, Judge Byrnes stated that "after thoroughly reviewing the testimony in this case and reflecting upon the arguments in the motions for new trial the Court has concluded that the motion and supplemental motion must be denied."

On July 1, 1963, the Ford Motor Credit Company petitioned the court to direct that the Mercury automobile held at Greenwood's Garage be turned over to it, reciting that it held a recorded conditional contract of sale covering the vehicle dated October 8, 1962, and that Racine had been in default under that contract since December, 1962. Another recital was that the plaintiff, Michigan National, "has acknowledged to Petitioner that it recognizes the priority of Petitioner's claim to the

vehicle under its conditional sales contract." An order nisi was served upon the plaintiff, but no answer was filed by it. On July 15, 1963, the plaintiff entered an appeal to this Court from "the order and judgment * * * of March 11, 1963 * * * quashing the attachment issued in the above case, and from the order of June 13th, 1963, overruling the original and supplemental motions for a new trial * * *." On July 17, 1963, the court signed an order directing the sheriff and Greenwood's Garage to turn over possession of the Mercury automobile to Ford Motor Credit Company.

There is some question whether, because of the special nature of an attachment proceeding, a timely motion for a new trial stays the running of the 30-day appeal period. See Code (1963 Supp.), Art. 5, sec. 20A. But as no specific mention is made of this in the Maryland Rules regarding attachment (Subtitle G), we shall assume that the general rules regarding an "action at law" apply (Rules 564(b), 567 and 1000) and that the appeal from the action of the trial court in quashing the attachment of the Mercury automobile was timely. It is obvious, we think, that the appeal from the overruling of the motion for a new trial will not lie. As we said in *Turner v. Wash. Sanitary Com.*, 221 Md. 494, 504; "It is perfectly clear that no appeal lies from the granting or refusal of a new trial, if the trial court has given judicial consideration to the matter presented by the motion [citing cases]." It appears that Judge Byrnes had the testimony produced at the original hearing clearly in mind when he wrote his original opinion, and there is nothing to show that his memory was not sufficiently refreshed by reading that opinion and hearing the arguments of counsel, supplemented perhaps by reference to his trial notes. We, of course, are not in the same position as the trial judge, but even so the mere fact that the stenographer's notes were lost does not automatically call for a new trial. In *Burroughs v. Milligan*, 199 Md. 78, 88, we declined to dismiss an appeal where the stenographer's notes had been lost, but decided the case upon the opinion of the trial court and such other facts as the parties were able to agree upon. In *Battle v. Manko*, 103 A. 2d 281 (Super. Ct. Pa.), it was said that new trials are sometimes granted where notes of testimony have become unavailable by reason of the

death of the note-taker, but that they should be granted only if the notes are essential and proper diligence has been exercised by the appellant. In *Commonwealth v. Kimble*, 144 A. 2d 598 (Super. Ct. Pa.), it was held that a new trial was properly denied where the motion was unaccompanied by a recital of facts pointing out how the lack of notes prejudiced the appellant. See also Note, 19 A.L.R. 2d 1098.

In *Jewett v. State*, 190 Md. 289, 296, it was pointed out that judge's notes are older than stenographer's transcripts. In *Jefferson v. State*, 218 Md. 397, 400, we discussed at length the alternative methods provided by the Rules for obtaining a substituted record. Cf. Rule 75 (n) of the Federal Rules of Civil Procedure. In the instant case it does not appear that the appellant made any effort at all to obtain a substituted record, nor does it even indicate in its brief filed in this Court what, if any, error on the part of the trial court (except the denial of a new trial) it relies on.

*Judgment affirmed, with costs.*