STATE *v.* LONG

[No. 337, September Term, 1963.]

*Decided May 29, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*John W. Sause, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Leonard T. Kardy, State's Attorney for Montgomery County,* on the brief, for the appellant.

*William D. Paton* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Long was tried in January, 1957, before Judge Reeves and a jury on a charge of the rape of his fourteen year old daughter. He was found guilty and after a motion for new trial had been heard and denied he was sentenced to life imprisonment. He took no appeal. He was represented throughout by two counsel of his own selection.

On March 14, 1963, Long brought this post-conviction proceeding, his chief complaint being the ineptness of his counsel. Upon his claim of indigency the court appointed his present counsel, who filed a petition seeking a copy of the transcript of the original trial. Judge Shook ordered the State to produce a copy, but it appeared that the court stenographer was suffering from a "crippling illness" and was unable to transcribe his notes. Counsel for the appellee then filed a motion for a new trial, and after a hearing at which it was shown that the notes could not be read or transcribed by anyone, the court ordered a new trial over the State's protest that its chief witness had become incompetent, and that it might be forced to nol. pros. the case. We granted the State's application for leave to appeal and heard argument on the appeal in due course.

In *Truesdale v. Warden,* 221 Md. 617, 620, we pointed out that the Post Conviction Procedure Act, which is mandatory as to the appointment of counsel, is silent as to the furnishing of a transcript of the testimony at the original trial, and that sec. 645G, of Art. 27 (now replaced by Rule BK44 d) provides that the court may "receive proof by affidavits, depositions, oral testimony, or other evidence, and may order the petitioner brought before it for the hearing." The chief complaint was that the State had knowingly used perjured testimony of a co-defendant. We held that the trial court did not abuse its discretion in denying the applicant a copy of the transcript. To the same effect, see *Johnson v. Warden,* 222 Md. 587, *Gamble v. Warden,* 223 Md. 633, and *White v. Warden,* 229 Md. 645. In *Klein v. Warden,* 233 Md. 603, 604, where the complaint was the ineptness of counsel we held that a copy of the transcript was properly denied, pointing out that the trial court was at liberty to receive proof by affidavit, deposition, oral testimony or other evidence.

It is unfortunate that the judge who presided at the original trial in the instant case is dead, and that the court stenographer's notes cannot be transcribed. We think, however, that these facts do not, in and of themselves, require or justify the award of a new trial. Cf. *Michigan Nat. Bank v. Racine,* 234 Md. 250, 253, and cases cited. In the late case of *Norvell v. Illinois,* 373 U.S. 420, the Supreme Court held that no constitutional issue was presented by the denial of a delayed review of the original trial where a transcript could not be procured by reason of the death of a court reporter and through no fault of the State authorities, and where the applicant had been represented by counsel and did not take a direct appeal. The majority opinion concluded with these words: "* * * where transcripts are no longer available, Illinois may rest on the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal." See also the later Illinois case of *People v. McKee,* 185 N. E. 2d 682, *cert. den.,* 374 U. S. 810, *rch. den.,* 375 U. S. 872, applying the rule laid down in *Norvell.* In the instant case there is no showing that Long's decision not to appeal was based in any degree upon his indigency. Cf. *Brown v. Warden,* 221 Md. 582, 584 and cases cited.

We think the court below abused her discretion in ordering

a new trial under the circumstances shown. Just what was the basis for the ruling, other than the bald fact that a transcript was not obtainable, is not apparent. Because of the failure to comply with Rule BK45, we might reverse and remand on that ground alone. *Harrington v. Warden,* 230 Md. 639. We base our ruling, however, on the point that the mere absence of a transcript, at this stage of the case, is not fatal to a review on post-conviction which was not designed to test the sufficiency of the evidence or the correctness of the court's rulings, *State v. D'Onofrio,* 221 Md. 20, but to determine whether the constitutional right of the accused to due process was violated and the trial thereby nullified. We think there was no showing that a transcript was essential for this purpose.

The appellee cites *Niblett v. Warden,* 221 Md. 588, 591, for the proposition that it is the duty of newly appointed counsel to investigate the case to determine whether possibly valid grounds exist, which the applicant has not seen fit to raise in his preliminary petition. It may well be that the appellee is not precluded from raising other known grounds for relief. *Monroe v. Director,* 223 Md. 660, 662. But we find no intimation in the cases that counsel can rest on the assumption that his labors are at an end, and his client entitled to release, upon a mere determination that a transcript is unobtainable because a court reporter becomes incapacitated, especially when it is not shown that the transcript would not have been procurable within the time limited for direct appeal. The fact that counsel is placed under a handicap or disadvantage is not enough to require a new trial. Counsel can obtain a statement of the claims of his client, and develop other matters of defense without a transcript. Evidentiary hearings to determine constitutional rights are not uncommon in the Federal District Courts. See *Townsend v. Sain,* 372 U. S. 293. On remand, the trial court can consider and decide any matters open to review on post-conviction that the applicant or his counsel present.

> *Order reversed and case remanded for further proceedings, consistent with the views here expressed.*