## JOSEPH R. HEMSLEY *v.* WARDEN, MARYLAND PENITENTIARY

[No. 41, September Term, 1967.]

---

604

*Decided December 12, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from a denial of post conviction relief by Judge Roscoe H. Parker in the Circuit Court for Prince George's County, on March 29, 1967.

The Applicant was convicted of murder in the first degree in 1953 and received a life sentence. A direct appeal was entered by his attorneys and thereafter withdrawn before a transcript of the testimony at his trial was prepared.

The record indicates that the court reporter at the Applicant's 1953 trial died during the interval between that trial and the instant proceeding wherein a transcript of the original trial has been requested. The unusual shorthand method used by the reporter at the original trial renders any attempt at present transcription impossible.

The Applicant's sole contention is that his inability to obtain a transcript of his original trial offends his constitutional rights and entitles him to a new trial. We disagree. See *State v. Hance,* 2 Md. App. 162; *Moore v. Warden,* 237 Md. 613; *Bauerlien v. Warden,* 236 Md. 346; *State v. Long,* 235 Md. 125.

In *Long, supra,* Judge Henderson (later Chief Judge) spoke for the Court as follows (p. 127) :

"It is unfortunate that the judge who presided at the original trial in the instant case is dead, and that

the court stenographer's notes cannot be transcribed. We think, however, that these facts do not, in and of themselves, require or justify the award of a new trial. Cf. *Michigan Nat. Bank v. Racine,* 234 Md. 250, 253, and cases cited. In the late case of *Norvell v. Illinois,* 373 U. S. 420, the Supreme Court held that no constitutional issue was presented by the denial of a delayed review of the original trial where a transcript could not be procured by reason of the death of a court reporter and through no fault of the State authorities, and where the applicant had been represented by counsel and did not take a direct appeal. The majority opinion concluded with these words: '* * * where transcripts are no longer available, Illinois may rest on the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal.' See also the later *Illinois* case of *People v. McKee,* 185 N. E. 2d. 682, *cert. den.,* 374 U. S. 810, *reh. den.,* 375 U. S. 872, applying the rule laid down in *Norvell.* In the instant case there is no showing that Long's decision not to appeal was based in any degree upon his indigency. Cf. *Brown v. Warden,* 221 Md. 582, 584 and cases cited." (Emphasis supplied)

Here there was no allegation that the Applicant's appeal was withdrawn because of indigency nor was there any showing that the transcript was otherwise essential.

*Application denied.*