■ DIANA BRANDENBURG, Respondent, v BRENT BRANDENBURG, Appellant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered January 17, 1992, adopting plaintiff's, and rejecting defendant's proposed statement in lieu of stenographic transcript, and denying defendant's alter-

native requests for a reconstruction hearing or a new trial, unanimously affirmed, without costs.

It is the duty of the Trial Judge to settle the transcript, or, if the stenographer's minutes are lost, a statement in lieu of a transcript pursuant to CPLR 5525 (d) in accordance with her recollection of what transpired at the trial. The Trial Judge's recollection may be supplemented or aided by affidavits offered by the parties after notice of settlement is given, but it is her recollection that must ultimately control *(Cassella v Manikas,* 8 AD2d 587).

Here, the Trial Judge based upon a thorough review of the contemporaneous notes and summaries prepared by plaintiff, the available portions of the trial transcript, her own contemporaneous notes, and materials prepared by defendant, determined that plaintiff's counter-statement in lieu of transcript was an accurate summary of the testimony taken on the afternoon of June 22, 1988, and this conclusion is not in the least undermined by the non-contemporaneous question outline that was submitted by defendant's attorney to demonstrate that the conclusions reached by the Trial Judge are inaccurate. Also unpersuasive is defendant's claim that he is unable to prosecute an appeal on the existing transcripts and the statement settled by the Trial Judge. Concur—Milonas, J. P., Wallach, Asch and Rubin, JJ.