665 A.2d 1050

Kathy BRADLEY

v.

**HAZARD TECHNOLOGY CO., INC.**

**No. 30, Sept. Term, 1995.**

Court of Appeals of Maryland.

Oct. 12, 1995.

Nancy E. Leibowitz (C. Edward Hartman, III, Hartman and Parrott, on brief), Annapolis, for petitioner.

No brief filed on behalf of respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

CHASANOW, Judge.

The question presented in this case is whether a party appealing the judgment of the district court in a civil action is entitled to a new trial when a complete trial transcript is unavailable on appeal due to a failure of the court's recording equipment. We hold that the unavailability of a full transcript does not automatically entitle a party to a new trial, but that retrial may be appropriate if the appellant can demonstrate that the missing portion of the transcript is relevant to consideration of a specific allegation of error, and that no sufficient substitute for the missing transcript can be reconstructed.

## I.

This case grew out of a dispute over certain payments made to the Petitioner, Kathy Bradley, by the Respondent, Hazard Technology Co., Inc. (Hazard). In early 1992, Hazard's president, David Levinson, hired Ms. Bradley to work as a sales representative for his company. Ms. Bradley was expected to generate sales of Hazard's industrial health and safety equipment in a territory that included parts of Connecticut, New York, New Jersey and Eastern Pennsylvania. She was to be paid on a commission basis. In July of 1992, Mr. Levinson became dissatisfied with Ms. Bradley's efforts and terminated the arrangement.

Hazard filed suit on April 19, 1993 in the District Court of Maryland sitting in Anne Arundel County seeking to recover $8,592.88 in payments that Hazard made to Ms. Bradley during the time she worked for the company. Hazard alleged

that the payments were "advances" on commissions that Ms. Bradley never earned. Ms. Bradley maintained the payments were compensation for work performed. On May 5, 1994, after a one-day bench trial, the district court entered judgment in favor of Ms. Bradley.

Hazard filed a timely notice of appeal with the clerk of the district court, pursuant to Maryland Rule 7–103(a), and requested that a transcript be prepared for appellate review in the Circuit Court for Anne Arundel County, pursuant to Maryland Code (1974, 1995 Repl.Vol., 1995 Supp.), Courts and Judicial Proceedings Article, §§ 12–401 and 12–403.[1] On September 22, 1994, counsel for Hazard was informed that, due to a faulty audio tape, a full transcript of the district court trial could not be provided.[2] A truncated 80–page transcript containing opening statements, the plaintiff's entire case, and a portion of the defendant's case was produced. On the final page of the transcript, the court reporter indicated "tape will no longer run ... we cannot complete this transcript." Missing from the transcript were the remaining portions of the defendant's case and the announcement of the district court's judgment.

On November 28, 1994, Hazard moved to have the circuit court remand the case for a new trial on the ground that in the absence of a complete transcript it was "unable to adequately prepare for and prosecute its appeal." The circuit court granted the motion without a hearing. Ms. Bradley filed a petition for certiorari in this court. We granted certiorari to consider her assertion that the circuit court erred

---

1. Appeals from district court to the circuit court are conducted on the record in civil cases in which the amount in controversy exceeds $2,500. In cases in which $2,500 or less is in controversy, the appeals in circuit court are conducted *de novo*, unless all parties agree that the appeal shall be on the record. Maryland Code (1974, 1995 Repl.Vol. 1995 Supp.), Courts and Judicial Proceedings Article, § 12–401(f); Maryland Rule 7–102.

2. Md.Rule 1224 d.2.(a) requires that the entire trial on the merits held in open court, excluding opening statements and closing arguments of counsel, be recorded in civil cases.

in remanding the case without first requiring Hazard to submit a memorandum outlining the basis for its appeal, and then determining whether a record sufficient for appellate review could have been reconstructed from the partial transcript, supplemented with stipulations of the parties.

## II.

 It is well-settled that, on appeal, the burden of establishing error in the lower court rests squarely on the appellant. *Wooddy v. Mudd,* 258 Md. 234, 237, 265 A.2d 458, 460 (1970) (quoting *Rippon v. Mercantile–Safe Dep.,* 213 Md. 215, 222, 131 A.2d 695, 698 (1957)). This rule reflects a general presumption of regularity in the proceedings below. *See Hagerstown Trust Co., Ex. of Mealey,* 119 Md. 224, 230, 86 A. 982, 984 (1913) ("[T]he presumption is that the ruling of the lower Court was correct, until the contrary appears."). Unless an appellant can demonstrate that a prejudicial error occurred below, reversal is not warranted. *See Wooddy,* 258 Md. at 237, 265 A.2d at 460.

Pursuant to this principle, Maryland Rule 7–113(d)(2) requires a party appealing a judgment of the district court to file with the circuit court an appeal memorandum containing "(A) a statement of the questions presented for review, (B) a concise statement of the facts material to a determination of the questions presented, and (C) argument in support of the appellant's position, stating the grounds for the relief sought and the authorities in support of each ground." [3]

---

**3.** Maryland Rule 7–113(d) provides in pertinent part:

"**(d) Memorandum and Response.**

(1) The appellant shall file a memorandum in opposition to the decision of the District Court within 30 days after the date the appeal was entered on the docket or as otherwise ordered by the court. The appellee may file a response within 15 days after service of the appellant's memorandum, but in no event later than five days before the date of argument, if argument has been scheduled.

(2) In addition to otherwise complying with Rule 1–301, a memorandum or response ... shall not exceed ten pages in length. The appellant's memorandum shall contain (A) a statement of the questions presented for review, (B) a concise statement of the facts

In the instant case, Respondent Hazard never filed its appeal memorandum, as required by Md.Rule 7–113(d)(2). Instead, Respondent moved to have the circuit court remand the case for a new trial because a full transcript of the trial was unavailable. Hazard also moved to extend the time to file its appeal memorandum until after the circuit court ruled on the motion to remand. The court granted Hazard's "Motion to Extend Time" on December 5, 1994, and then, on December 29, 1994, granted Hazard's "Motion to Remand Case to District Court for Trial." Consequently, the circuit court remanded the case for a new trial without even requiring Hazard to file a memorandum outlining the basis for its appeal.

We hold that the circuit court erred in remanding the case before Hazard filed the appeal memorandum required by Md.Rule 7–113(d)(2). In so doing, the court granted appellate relief before Hazard had presented any specific allegation of error, posed any questions for appellate review, or provided an argument in support of its position. The mere absence of a full transcript does not relieve an appellant of its burden to assert error. Moreover, the circuit court awarded Hazard a new trial even though a substantial portion of the trial testimony, including Hazard's entire case-in-chief, had been transcribed and was available for review on appeal.

We believe it is unfair to the prevailing party and the witnesses, as well as a waste of judicial resources, to automatically grant the losing party a new trial in cases where a full trial transcript is unavailable due to no fault of the litigants.[4]

---

material to a determination of the questions presented, and (C) argument in support of the appellant's position, stating the grounds for the relief sought and the authorities in support of each ground. The appellee's response shall contain argument in support of the decision of the District Court, stating the grounds for affirmance and the authorities in support of each ground."

**4.** We note that in cases where a transcript is unavailable on appeal due to negligence or inaction of an appellant, the appeals have been dismissed. *See Hohensee v. Hohensee,* 214 Md. 284, 134 A.2d 82 (1957); *Laukenmann v. Laukenmann,* 17 Md.App. 107, 299 A.2d 466 (1973).

In addition to enduring the added time and expense associated with retrial, a party may encounter problems procuring the presence of vital witnesses at a second trial. This Court has consistently held, in both the civil and criminal contexts, that the unavailability of a complete transcript does not by itself warrant a new trial. *Smith v. State,* 291 Md. 125, 136, 433 A.2d 1143, 1147 (1981); *State v. Long,* 235 Md. 125, 127–28, 200 A.2d 641, 642–43, *cert. denied, Long v. Maryland,* 379 U.S. 917, 85 S.Ct. 268, 13 L.Ed.2d 187 (1964); *Michigan Nat. Bank v. Racine,* 234 Md. 250, 253, 198 A.2d 898, 899 (1964).

We faced this issue in the criminal context in *Smith, supra,* where the appellant argued he was denied his right of appeal because portions of testimony by two state's witnesses were not preserved due to technical problems with the trial court's tape recording system. *Smith,* 291 Md. at 126, 433 A.2d at 1144. We made clear that the omissions in the trial transcript do not entitle an appellant in a criminal case to automatic reversal and a new trial:

> "We do not believe, therefore, that every inadvertent omission in the record would call for reversal or would justify the time and expense incident to a new trial.
>
> It would wreak havoc on the administration of justice to require reversal in each and every case in which it is alleged by an appellant that portions of trial testimony have not been preserved verbatim for review. As anyone familiar with appellate review can attest, transcripts are seldom perfect. Mistakes inevitably occur.... Electronic recording or stenographic equipment will occasionally fail....
>
> Understandably, therefore, it has been necessary for courts to proceed on a case-by-case basis."

*Smith,* 291 Md. at 133–34, 433 A.2d at 1147.

Rather than automatically ordering a new trial, we noted that generally courts have placed the "onus upon the appellant to show that the omissions are not merely inconsequential, but are in some manner relevant on appeal," 291 Md. at 136, 433 A.2d at 1149. Further, we found that "[s]ometimes substitute statements or affidavits can be prepared to replace or to

supplement the record, thus providing an appellant with adequate material for the court to review." *Id.* Finally, we noted that "only when an adequate substitute cannot be made" need we consider an appellant's contention that he has been deprived of meaningful appellate review. 291 Md. at 137, 433 A.2d at 1149. We believe this reasoning applies with equal weight in the context of a civil action. *See Michigan Nat. Bank*, 234 Md. at 253, 198 A.2d at 899 ("[T]he mere fact that the stenographer's notes were lost does not automatically call for a new trial."). In *Burroughs v. Milligan*, 199 Md. 78, 85 A.2d 775 (1952), we indicated:

> "[T]he court stenographer, who took down the testimony, died ... and her notes on the testimony cannot be located. Under these circumstances, we have no testimony in the record and must decide the case, therefore, upon the statements of fact contained in the court's opinion, and any other facts we may find are agreed upon by the parties."

199 Md. at 81, 85 A.2d at 777. We believe deciding an appeal on the merits where possible, even if a full transcript is unavailable, serves the interests of justice and judicial economy.

Furthermore, the entire record is not always necessary for an appeal. Under Md.Rule 7–113(b)(1)(A), parties may stipulate to proceed on appeal in circuit court based on only that portion of the testimony they agree is relevant to the appeal:

> "(b) **Filing of Transcript.**
>
> (1) Unless a copy of the transcript is already on file, the appellant, within 10 days after the date the first notice of appeal is filed, shall order in writing from the clerk of the District Court a transcript containing:
>
> (A) a transcription of (i) all the testimony or (ii) *that part of the testimony that the parties agree, by written stipulation filed with the clerk of the District Court, is necessary for the appeal....*" (Emphasis added).

Md.Rule 7–113(b). The rule expressly provides for appeals to proceed on an abbreviated record containing only the testimo-

ny the parties agree is relevant. A new trial is not warranted merely because a full transcript is unavailable.

Courts in several other states that have faced the issue concur that unavailability of a complete trial transcript for appeal does not per se entitle a losing party to a new trial. *See Kay v. Kay*, 277 A.D. 797, 97 N.Y.S.2d 607 (1950) (holding that appeal could proceed on record reconstructed by parties with the aid of the judge after court reporter died); *Lidgerwood Mfg. Co. v. Rogers*, 56 N.Y.Sup.Ct. 350, 4 N.Y.S. 716 (1889) (no right to new trial where court stenographer's death made trial transcript unavailable); *Hoffart v. Lindquist*, 182 Or. 611, 189 P.2d 592 (1948) (no automatic right to new trial when court reporter's shorthand notes were lost); *McSherry v. Peckham*, 50 R.I. 473, 149 A. 380 (1930) (unavailability of trial transcript due to death of court stenographer did not entitle appealing party to new trial); *Southern Pine Lumber Co. v. Martin*, 118 S.C. 319, 110 S.E. 804 (1922) (same). *See generally*, Edward L. Raymond, Jr., Annotation, *Court Reporter's Death or Disability Prior to Transcribing Notes as Grounds for Reversal or New Trial*, 57 A.L.R.4th 1049 (1987 & Supp.1994) (discussing various approaches taken by courts in cases where a full transcript is unavailable). As the Supreme Court of Rhode Island pointed out in *McSherry, supra:*

> "The purpose of [requiring the preparation of trial transcripts] was to make available to the court, and a party to the trial, the best obtainable record so as to eliminate, so far as possible, disputes and misunderstandings as to proceeding in a given case. But it does not follow that this method of making up a record for an appeal is exclusive...."

149 A. at 381.

Federal courts also hold that the lack of a complete transcript does not automatically warrant a new trial. *See Herndon v. City of Massillon*, 638 F.2d 963, 965 (6th Cir.1981) ("[A] party may not seek a new trial simply because matters occurring in the [trial] court are not reflected in the transcript. Rather, that party must at least attempt to cure the defect by reconstructing the record as provided" by federal rule.); *Hy-*

*dramotive Mfg. Corp. v. Securities and Exchange Com'n*, 355 F.2d 179, 180 (10th Cir.1966) ("[T]he inability to obtain a stenographic transcript of testimony is not enough alone to warrant a new trial."); *Herring v. Kennedy–Herring Hardware Company*, 261 F.2d 202, 203 (6th Cir.1958) (no automatic right to new trial for lack of transcript). *See also Bergerco, U.S.A. v. Shipping Corp. of India, Ltd.*, 896 F.2d 1210, 1217 (9th Cir.1990) (noting that "the lack of a complete transcript does not automatically warrant reversal," but holding that a limited retrial was necessary where there was a specific allegation of error and the inability to create an adequate substitute record materially affected the ability of the appeals court to review the alleged error).

Rather than automatically granting a new trial in cases where a full transcript is unavailable through no fault of the litigants, we hold that the circuit court should first require an appellant to assert specifically what errors occurred at the district court trial as required by Md.Rule 7–113(d)(2). If all or part of the trial transcript is missing, an appellant should be required to demonstrate to the circuit court that the missing portion is relevant to the appellate issues raised in the appeal memorandum. If the circuit court determines that the lost portion of the record is material to the appellate issues, the appellant must make diligent efforts to reconstruct the missing portions of the record through the use of affidavits and stipulations with the opposing party. If the circuit court finds that a record sufficient for a fair consideration of the appellate issues can be reconstructed, the appeal should proceed on that record.

In this case, a transcript of a substantial portion of the trial testimony, including Hazard's entire case-in-chief and a portion of Ms. Bradley's case, is already available. This provides Hazard with a solid foundation upon which to reconstruct a record for appellate review. We recognize, of course, that the parties may legitimately be unable to agree about the further contents of the record. In that case, the circuit court may enlist the aid of the trial judge to settle any disputes,

much in the same way trial courts resolve differences over the contents of the record in appeals to this Court and the Court of Special Appeals. *See* Md.Rule 8–413(a) (mandating that in appeals to the courts of appeal "[t]he lower court, by order, shall resolve any dispute whether the record accurately discloses what occurred in the lower court, and shall cause the record to conform to its decision"). Other states have adopted similar procedures. *See Brandenburg v. Brandenburg*, 188 A.D.2d 368, 591 N.Y.S.2d 38 (1992) (unavailable transcripts are to be replaced by a statement of facts approved by trial judge with assistance of the parties); *Southern Pine Lumber*, 110 S.E. at 805 (applying statute and rule requiring trial judge to settle disputes over contents of case on appeal where stenographer's death made transcript unavailable); *Roberts v. Erickson*, 851 P.2d 643, 644–45 (Utah 1993) (substitute statement of proceedings may be used on appeal after approval by trial judge in cases where no transcript is available). *See also* 57 A.L.R.4th at 1098–99 (citing cases in which a substitute record was prepared where no transcript was available). Disputes over the contents of a substitute record are similarly resolved in federal courts. *See* Federal Rules of Appellate Procedure 10(c).[5]

We do not mean to suggest that a new trial may never be an appropriate remedy for the lack of a complete trial transcript. If an appellant can demonstrate to the circuit court that error may have occurred at trial, and that a record sufficient to allow for a fair consideration of the specified

---

5. Rule 10(c) of the Federal Rules of Appellate Procedure provides:
 "**Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable.** If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendment thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal."

appellate issues simply cannot be reconstructed, a new trial may be warranted. *Cf. Wilson v. State*, 334 Md. 469, 476–79, 639 A.2d 696, 699–701 (1994) (noting that, in a criminal case, lack of complete trial transcript does not automatically warrant new trial, but holding that a new trial was justified given the impossibility of reconstructing a substitute record sufficient for consideration of the specified appellate issues). *See also Bergerco, supra*, where the Ninth Circuit explained:

> "[T]he lack of a complete transcript does not automatically warrant reversal. However, in certain circumstances, the original transcript may be so essential to meaningful appellate review that a remand for a new trial is necessary to insure a fair appeal.... We conclude that an appellant seeking a new trial because of a missing or incomplete transcript must 1) make a specific allegation of error; 2) show that the defect in the record materially affects the ability of the appeals court to review the alleged error; and 3) show that a ... proceeding [authorized by the rule] has failed or would fail to produce an adequate substitute for the evidence."

896 F.2d at 1217. Although the court in *Bergerco* did find that limited retrial was necessary due to the absence of vital testimony on a legitimate appellate issue, the court noted that only in "rare cases" is a retrial justified because of a missing or incomplete transcript. *Id.*

Therefore, we remand this case to the Circuit Court for Anne Arundel County for proceedings consistent with this opinion.

*JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY RESPONDENT.*