904 A.2d 500

Jonathan F. POLLARD

v.

STATE of Maryland.

No. 22, Sept. Term, 2005.

Court of Appeals of Maryland.

Aug. 2, 2006.

Stacy W. McCormack, Asst. Public Defender (Nancy S. Forster, Public Defender, on brief), Baltimore, for petitioner.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, GREENE and LAWRENCE F. RODOWSKY (retired, specially assigned), JJ.

GREENE, J.

Recently, in *State v. Wilkins*, 393 Md. 269, 272, 900 A.2d 765, 767 (2006), we held that "a sentencing judge's failure to recognize his or her right to exercise discretion in the imposition of a sentence does not render the sentence illegal within the meaning of Md. Rule 4–345(a)." In the present case, the Court of Special Appeals affirmed the judgment of the Circuit Court for Harford County which denied the motion of Jona-

than F. Pollard ("Petitioner") to correct an illegal sentence. The rationale presented by Petitioner in support of his motion to correct an illegal sentence is essentially the same as that presented by Ralph Edward Wilkins in support of his motion in *Wilkins,* i.e., that the sentencing judge did not recognize his discretion to suspend a portion of the sentence imposed. Because the alleged illegality did not inhere in the sentence itself, the motion to correct an illegal sentence is not appropriate. The sentence imposed was neither illegal, in excess of that prescribed for the offense for which Petitioner was convicted, nor were the terms of the sentence itself statutorily or constitutionally invalid. Therefore, we affirm the judgments of the Court of Special Appeals and the Circuit Court for Harford County.

### Background

Petitioner was indicted October 2, 1973, on charges of first-degree rape and assault with intent to rape and other related charges. He appeared in the Circuit Court for Harford County on May 28, 1974, and entered a guilty plea to first-degree rape. Three cases were called for trial, criminal case numbers 4777, 4778, and 4779. In exchange for his plea of guilty to first-degree rape in case number 4779, the State agreed to stet the other outstanding charges of robbery and sodomy as alleged in the other two cases pending before the court. Upon accepting the plea of guilty, the court ordered a pre-sentence investigation and held a sentencing hearing on July 26, 1974. The court sentenced Petitioner to a term of life imprisonment for first-degree rape and ordered an examination at Patuxent Institution.[1] Between 1975 and 1985, Peti-

---

1. Until repealed in 1977, the Md.Code (1957, 1976 Repl.Vol.), Article 31B § 5, authorized a trial judge, after conviction of the defendant, to request an examination of the defendant at Patuxent Institution to determine whether the defendant was a "defective delinquent," i.e., " 'an individual who, by the demonstration of persistent aggravated antisocial or criminal behavior, evidences a propensity toward criminal activity, ... as to require ... confinement and treatment [at the Patuxent Institution].' " *Dir. of Patuxent Inst. v. Daniels,* 243 Md. 16, 33, 221 A.2d 397, 407 (1966).

tioner filed three separate petitions for post conviction relief, which the court considered and denied. In December 1974, the court considered Petitioner's motion for modification of sentence and denied that motion. In 1990, Petitioner filed a request with the court entitled, "Motion For Change of Sentence." The court in effect denied that motion, as there is no record in the file that it was ever granted. Thereafter, on December 17, 2002, approximately twenty-eight years after imposition of sentence, Petitioner filed *pro se* in the Circuit Court for Harford County a Motion to Correct An Illegal Or Irregular Sentence. The court set the matter for a hearing in open court where the Petitioner appeared with counsel. After consideration of the exhibits and the arguments of counsel for the State and the defendant, the court denied the motion. Through counsel, Petitioner filed a timely appeal to the Court of Special Appeals. In an unreported opinion, the intermediate appellate court affirmed the judgment of the Circuit Court. Through counsel, Petitioner filed a petition for writ of certiorari and we granted the petition. *Pollard v. State*, 387 Md. 462, 875 A.2d 767 (2005).

## Discussion

Petitioner contends that the sentencing judge abused his discretion by imposing a life sentence and failing to expressly recognize that all or a portion of the sentence could have been suspended. Specifically, Petitioner asserts that it was unclear from the record that "Judge Close knew that he could suspend a portion of the life sentence. Rather, that it was obvious from [the] sentencing court's language that it believed that it had two, and only two alternative sentences: a sentence of between 18 months and 21 years or a life sentence." In response to this contention, the Court of Special Appeals stated that because "judges are presumed to know the law . . . we will not infer an error by the [sentencing judge], absent an affirmative indication that he believed he lacked the discretionary authority to suspend [petitioner's] sentence." Adopting the rationale of the Court of Special Appeals, the State contends that the intermediate appellate court's judgment

should be affirmed because the Circuit Court correctly denied Petitioner's motion to correct his life sentence and that there is no indication that the trial judge was unaware of his authority.

■ We view the matter differently, primarily, because our focus is on the nature of the sentence actually imposed, rather than on what the sentencing judge said or did not say about his discretionary authority, during the course of that sentencing proceeding. Further, we emphasize that the sentencing court is not required to specify, either before, during or after the imposition of a sentence, that it does or does not have the discretion to suspend any portion of a sentence. Therefore, it is not material, to the question of legality of a sentence, that the sentencing judge did not acknowledge his discretion under § 641A to suspend a portion of the life sentence. *See Wilkins,* 393 Md. at 277–78, 900 A.2d at 770; *see also State v. Chaney,* 375 Md. 168, 179, 825 A.2d 452, 458 (2003) (holding that merely because "a sentencing judge's failure expressly and consecutively to acknowledge the existence of a second statute permitting [the] suspension of . . . [a life sentence, is not a] sufficient [basis] to infer that [the sentencing judge] was unaware of its potential application to the sentence he impos[es] . . .").

Petitioner was convicted of first-degree rape. The statute in effect in 1974 specifically provided that

[e]very person convicted of a crime of rape . . . shall, at the discretion of the court, suffer death, or be sentenced to confinement in the penitentiary for the period of his natural life, or undergo a confinement in the penitentiary for not less than eighteen months nor more than twenty one years . . . .

Md.Code (1957, 1971 Repl.Vol.), Article 27 § 461. Pursuant to statutory authority, the sentencing judge could have imposed a life sentence, or a sentence for a definite term of years. The sentence imposed was life and was a sentence permitted by law. *Wilkins,* 393 Md. at 276–77, 900 A.2d at 769–70.

Pursuant to another statutory provision, the sentencing judge was authorized, in the exercise of judicial discretion, to suspend a portion of the sentence imposed. Md.Code (1957, 1971 Repl.Vol.), Art. 27 § 641A provides, in relevant part:[2]

> Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the courts deems proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years.

The judge did not suspend any portion of the life sentence imposed. Immediately, prior to imposing the sentence, Judge Close asked:

> THE COURT: Mr. Pollard, is there anything that you wish to say in your own behalf, any reason that you wish to give to the Court why it should be lenient in imposing a sentence upon you?
>
> PETITIONER: I would like to say that I am sorry for what I done [sic].

Judge Close then imposed sentence:

> THE COURT: Let me just say this to you, the presentence investigation, the report that I have, doesn't show anything

---

2. Effective October 1, 2001, § 641 A was repealed and re-enacted without substantive change as Md.Code (1957, 2001 Repl. Vol.), §§ 6–221 thru 6–222(a) of the Criminal Procedure Article.

> Section 6–221 reads, in pertinent part:
> On entering a judgment of conviction, the court may suspend the imposition or execution of sentence and place the defendant on probation on the conditions that the court considers proper.
> In addition, § 6–222(a), in pertinent part, states:
> A . . . court may:
> (1) impose a sentence for a specified period and provide that a lesser period be served in confinement;
> (2) suspend the remainder of the sentence; and
> (3) order probation for a [period] longer than the sentence but not [in excess of five years].

bad with regard to your background. You apparently have never committed any offense against the law previously. I suppose you had a very short time in employment as a cook before you entered the Marine Corps, [where he was stationed at Aberdeen Proving Grounds,] and then came all this.

Now, Jonathan, the Court has some reason to believe—at least there have been certain allegations made that you may have had similar involvement such as this with the victim in this case in ... the area, and that is really one of the reasons that the sentence that will be imposed upon you is of the nature that you will hear.

\* \* \* \*

THE COURT: Now, the sentence of the Court is that you be committed to the custody of the Commission of Correction for the period of your natural life....

 In *State v. Wooten*, 277 Md. 114, 115, 352 A.2d 829, 831 (1976), interpreting § 641A, this Court held that it was within the discretion of the trial court to suspend all or a portion of a life sentence because the statute grants that authority to the judge. In *Williamson v. State*, 284 Md. 212, 215 395 A.2d 496, 497 (1979), we held that the sentencing judge abused his discretion in failing to consider that he had the authority to suspend any part of a life sentence. In *Wilkins*, we explained that the issue in *Wooten* was substantive (whether the trial judge had authority to suspend a portion of a life sentence) and in *Williamson* the issue was procedural (whether a trial judge's failure to exercise discretion was an abuse of discretion). Op. at 281–82, 900 A.2d at 772–73. Moreover, if the error alleged in the sentencing proceeding involves an abuse of discretion, that error may be appropriately raised on direct appeal or as a matter of post conviction relief. *Id.; see also Beverly v. State*, 349 Md. 106, 127, 707 A.2d 91, 101 (1998) (finding reversible error, resulting in a remand for a new sentencing where the sentencing judge abused her discretion in failing to recognize "that she had discretion to sentence in accord with the plea agreement");

*Maus v. State,* 311 Md. 85, 108, 532 A.2d 1066, 1077 (1987) (noting that "when a court must exercise discretion, failure to do so is error, and ordinarily requires reversal."). Ultimately, in *Wilkins,* we held that a trial judge's alleged failure to exercise discretion in the imposition of a sentence does not render the sentence illegal within the contemplation of a motion to correct an illegal sentence. *See* op. at 284, 900 A.2d at 774.. Similarly, in the present case, the trial judge's failure to exercise discretion in the imposition of a life sentence did not render the sentence illegal within the meaning of Md. Rule 4–345(a).

## Conclusion

■ In our review of the sentence imposed, we conclude that it was a sentence permitted by law. The alleged error does not inhere in the sentence itself; and thus is not an illegal sentence within the meaning of Rule 4–345(a).[3] If there was some defect in the sentencing proceeding, that alleged defect could have been raised on direct appeal from the conviction and sentence imposed, or at the very least could have been raised in a petition for post conviction relief. A motion to correct an illegal sentence, however, may not be used as an alternative method of obtaining belated appellate review of the proceedings that led to the imposition of judgment and sentence in a criminal case.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED WITH COSTS.**

BELL, C.J., RAKER and HARRELL, JJ., Concur.

RAKER, J., concurring, in which BELL, C.J., joins:

I join in the opinion of the Court holding that the alleged error in this case does not inhere in the sentence itself and is thus not an illegal sentence within the meaning of Rule 4–

---

3. Maryland Rule 4–345, Sentencing—Revisory power of court.

 (a) **Illegal sentence.** The court may correct an illegal sentence at any time.

345(a). Accordingly, the matter may not be raised in a motion to correct an illegal sentence. I write separately to state that *if* this Court were to reach the merits, I would reverse the judgment of the Circuit Court and remand the case for a new sentencing because I do not believe that the trial judge was aware that he had the discretion to suspend a portion of a life sentence. In this regard, I disagree with the view expressed by Judge Harrell in his concurring opinion.

While I subscribe generally to the proposition that trial judges are presumed to know the law and to apply it properly, I do not believe that the record in this case supports that conclusion. Petitioner was sentenced in 1974, two years before this Court made clear in *State v. Wooten,* 277 Md. 114, 352 A.2d 829 (1976), that trial judges had discretion to suspend a portion of a mandatory life sentence. I do not agree with the concurring opinion's view that *Wooten* merely clarified the law as to whether a portion of a life sentence could be suspended. *See* conc. op. 394 Md. at 57, 904 A.2d at 510. *Wooten* did much more. When the Court held in *Wooten* that Md.Code (1957, 1971 Repl.Vol.), Art. 27 § 641A granted sentencing judges discretion to suspend life sentences, it resolved ambiguities in § 641A.[1]

The *Wooten* court, focusing exclusively on the language in the first sentence of § 641A, overlooked the ambiguity created by the second sentence of § 641A, which provides as follows:

"The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence *and grant probation for a period longer than the sentence* but not in excess of five years."

§ 641A (emphasis added). By providing that probation could be granted for a period of time longer than the sentence, this provision creates a basis for believing that the General Assembly might have intended "sentence" as used in § 641A to

---

1. Unless otherwise noted, all subsequent statutory references herein shall be to Md.Code (1957, 1971 Repl.Vol.), Article 27A.

exclude life sentences, as it would be impossible to grant probation for a period of time longer than a life sentence. The *Wooten* court made clear that trial judges had discretion to impose a term of confinement other than life when imposing a life sentence.

The *Wooten* court overlooked another ambiguity in § 641A. It is unclear from the text of § 641A whether it gives a court the power to suspend a portion of a sentence without concurrently imposing probation. The first sentence of § 641A reads as follows:

> "Upon entering a judgment of conviction, the court having jurisdiction, *may* suspend the imposition or execution of sentence *and* place the defendant on probation upon such terms and conditions as the courts deem proper."

*Id.* (emphasis added). This sentence is ambiguous because it could be read to say that (1) a court may suspend a sentence and a court may impose probation, or it could be read to say that (2) a court may suspend a sentence and impose probation, but not one without the other.[2] Thus, when the *Wooten* court held that § 641A gave sentencing judges the power to suspend any portion of any sentence, it resolved this ambiguity as well.

Indeed, this ambiguity was a major focus of the *Wooten* case. The State argued vociferously before both the trial court and the Court of Special Appeals that § 641A was a

---

2. Technically speaking, the ambiguity here arises because the scope of "may" is ambiguous. It could be that "may" was intended to modify each clause of the conjunction in the first sentence of § 641A, so that, if clarified, it would read as follows:

> "Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence, and *may* place the defendant on probation upon such terms and conditions as the courts deem proper."

§ 641A (alterations in italics). Clarified in this way, it is clear that § 641A gives a court the power to suspend a sentence without concurrently imposing probation.

"May" as used in § 641A, however, could also have been intended to modify the conjunction itself. If understood in this way, then § 641A gives a court permission to suspend a portion of a sentence and concurrently impose probation, but does not give the court permission to do one without the other.

statute governing probation, and consequently did *not* grant sentencing judges discretion to suspend portions of sentences unless the suspension was in conjunction with an imposition of probation.[3] At the hearing in the trial court on the State's motion to correct an illegal sentence in *Wooten,* the following exchange took place between the Assistant State's Attorney and the court:

"[STATE'S ATT'Y]: Well, your Honor, framing the issue so the Court sees my point of view, I think the issue in this case is can the Court suspend the execution of the sentence.

[COURT]: Well, 641A says, 'Upon entering a judgment of conviction, . . .'—which was done—'. . . the Court having jurisdiction, . . .'—and I had it—'. . . may suspend the imposition or execution of sentence . . .' and then it goes on.

[STATE'S ATT'Y]: '. . . and place the defendant on probation . . .'

[COURT]: Then it says, 'The Court may impose a sentence for a specified period . . .' well, the sentence of life was imposed. '. . . and provide that a lesser period be served in confinement, . . .'

[STATE'S ATT'Y]: Your Honor, you stopped, respectfully

[COURT]: Go ahead.

[STATE'S ATT'Y]: And '. . . suspend the remainder of the sentence and grant probation for a period . . .' not in excess of five years. Now that was not done in this case, no probation was given in this case, and I went to the Chapter—."

The State made similar arguments before the Court of Special Appeals. The opinion of the Court of Special Appeals in *Wooten* stated as follows:

"In sentencing Mrs. Wooten, the court did not place her on probation upon any terms and conditions in suspending a

---

**3.** Ironically, the position taken by the State in *Wooten* is in marked contrast to the position taken by the State in the case *sub judice.* In its brief, the State baldly asserts that "[c]ontrary to Pollard's contention, even prior to *Wooten,* the applicable statutes *clearly and unequivocally* provided for suspension of all, or a portion of, any life sentences."

part of the time to be spent in confinement. The State suggests, and argued below, that § 641A requires that a defendant be placed on probation when a sentence is imposed for a specified period but a lesser period to be served in confinement is provided by the court."

*State v. Wooten,* 27 Md.App. 434, 442, 340 A.2d 308, 313 (1975).

After the Court of Special Appeals rejected this argument, the State, in its brief filed with this Court in *Wooten,* pointed to another problem created by reading § 641A to grant a sentencing judge unlimited discretion to suspend a portion of any sentence, including a life sentence. The State pointed out that this interpretation of § 641A created a conflict with Md.Code (1957, 1978 Repl.Vol.), Art. 41, § 122(b), which provided that a person sentenced to a life sentence must serve fifteen years of the sentence until being eligible for parole, because the trial judge in *Wooten* had suspended all but eight years of Wooten's life sentence.[4] In its brief, the State argued as follows:

"Applying the provisions of [Art. 41, § 122(b) ] to [Wooten], it appears that she will not be eligible for parole consideration until she has served fifteen years of the life sentence imposed by [the trial judge]. Undoubtably she will seek to be released after the expiration of the eight years she was ordered to spend in confinement, or sooner, and will thus place the Commissioner of Corrections in the untenable position of either having to disregard [the trial judge's] suspension order or to violate the provisions of Article 41, Section 122(b)."

---

4. At the time, subsection (b) read in full as follows:

"No person who has been sentenced to life imprisonment shall be eligible for parole consideration until he shall have served fifteen years or the equal of fifteen years when considering the allowances for diminution of period of confinement provided for in Article 27, § 700 and Article 27, § 638C, of the Annotated Code of Maryland. Prisoners serving terms of life imprisonment shall only be paroled with the approval of the Governor."

Md.Code (1957, 1978 Repl.Vol.), Art. 41 § 122(b).

The comments made by the *Wooten* trial court also support the position that the issue of whether § 641A permitted a trial judge to suspend a portion of a life sentence was far from settled prior to our decision in *Wooten*. In its memorandum opinion in support of its Order denying the State's motion to correct an illegal sentence, the trial court observed that "the questions presented by the sentencing in this case, as well as in other cases in the state of which this court has been informally advised, need resolution by a definitive appellate decision." It is difficult to believe that the trial court would express such an opinion if the "definitive appellate decision" on this issue that we ultimately handed down in *Wooten* were as unremarkable as the concurring opinion claims.

This conclusion that *Wooten* did more than clarify an unambiguous statute is further reinforced by reference to contemporaneous historical materials outside the *Wooten* record. In 1974, a joint committee of the Maryland Judicial Conference and the Maryland State Bar Association issued a report proposing detailed reforms to the Maryland criminal justice system. REPORT ON STANDARDS OF CRIMINAL JUSTICE (1974). This joint committee consisted of seven members of the Maryland Judicial Conference, nine members of the Maryland State Bar Association, and five faculty members of Maryland law schools. *Id.*, Foreword at 1. In this report, the committee recommended that trial courts generally should have the power to suspend sentences, but that courts should *not* have such powers for certain serious offenses, including first degree murder and first degree rape. *See id.*, Committee Report on ABA Sentencing Alternatives and Procedures at 21–22. Most germane to present purposes, the committee, in conjunction with its discussion of this proposal, observed the following about the state of Maryland law governing the powers of trial courts to suspend sentences:

"Suspension of sentence and probation is *apparently* available at present in Maryland as a possible disposition for all offenses, *although it has never been tested whether it is available under the sentencing structure for such offenses*

*as first degree murder* (see Section 413 of Article 27) *or rape* (see Section 468 of Article 27).

*Id.* at 21 (emphasis added); *see also id.*, Committee Report on ABA Standards on Probation at 8 (observing that "[t]he present statutory sections governing suspension of sentence and probation at the circuit court level are overlapping and confusing"). That a committee composed of representatives of the Maryland judiciary, bar, and legal academic community would represent *Maryland law as being unsettled* on this point and advance a proposal to clarify it lends strong support to the claim that a member of the Maryland legal community would not have been aware prior to our decision in *Wooten* that § 641A granted trial judges unlimited power to suspend portions of sentences.

The revolutionary nature of our opinion in *Wooten* is further evidenced by the fact that trial judges resisted applying the suspension powers granted by our interpretation of § 641A even after *Wooten* had been decided. This resistance is amply demonstrated by the facts of this Court's opinion in *Williamson v. State*, 284 Md. 212, 395 A.2d 496 (1979). In *Williamson*, we vacated a life sentence imposed for first degree murder and remanded for resentencing where the sentencing judge refused to recognize his discretion under § 641A to suspend a portion of the defendant's life sentence. *Williamson*, 284 Md. at 213–15, 395 A.2d at 496–97. Defendant's counsel called the sentencing judge's attention to *Wooten*, but the sentencing judge flatly refused to consider suspension of a portion of the defendant's life sentence, expressing his view that the General Assembly did not intend § 641A to apply to life sentences because it undermined the General Assembly's intention to make first degree murder punishable by life. *Id.* at 213–14, 395 A.2d at 496. The Court, quite correctly, held that the sentencing judge committed reversible error by abdicating his discretion under § 641A, as interpreted in *Wooten*. *Id.* at 215, 395 A.2d at 497. Nonetheless, the sentencing judge's extreme position is quite telling, as it strains credulity to think that the sentencing judge would so forthrightly

question the result in *Wooten* if its holding were as routine as the concurring opinion makes it out to be.

The colloquy between defense counsel and the judge support the finding that the trial judge believed that he had only two options: to impose a life sentence, or to sentence petitioner to a term of incarceration somewhere between eighteen months and twenty one years. When a court must exercise discretion, failure to do so is usually reversible error. *See e.g., Maus v. State,* 311 Md. 85, 108, 532 A.2d 1066, 1077–78 (1987). The fact that petitioner was called upon to allocute before sentence was imposed has no bearing on the issue before this Court; all defendants have an absolute right to allocute, irrespective of whether the judge has discretion to impose one sentence or another.

Based on the record in this case, if this Court were to reach the merits, I would conclude that the trial judge did *not* exercise his discretion in imposing the sentence, and therefore, petitioner would be entitled to a new sentencing.

Chief Judge BELL has authorized me to state that he joins in the views expressed in this opinion.

Concurring Opinion by HARRELL, J.

For the reasons stated in my concurring and dissenting opinion in *State v. Wilkins,* 393 Md. 269, 900 A.2d 765 (2006), I disagree with the reasoning of the Majority opinion here. I nonetheless would affirm the judgment of the Court of Special Appeals, which affirmed, on the merits, the Circuit Court's denial of Pollard's Motion to Correct Illegal Sentence.

I believe that a sentencing judge commits error if he or she refuses to acknowledge his or her power to suspend completely or partially a sentence imposed. *Williamson v. State,* 284 Md. 212, 215, 395 A.2d 496, 497 (1979); *State v. Wooten,* 277 Md. 114, 117–18, 352 A.2d 829, 832 (1976). The allegation of error in the present case, like the allegation of error in *Wilkins,* is the imposition of a sentence in a manner that

violates a statute.[1] Maryland Code (1957, 1971 Repl.Vol.), Article 27, § 641A. "Hence, if made manifest on the record, the judge's refusal to recognize his or her power to suspend all or part of an imposed sentence results in an illegal sentence because the deficiency inheres in the sentence." *State v. Wilkins*, 393 Md. at 288–89, 900 A.2d at 776–77. Because the allegation of error proposed by Pollard inheres in the sentence itself, I would reach the merits of the case.

Pollard argues that the trial judge erred on 26 July 1974 when he imposed a life sentence without expressly recognizing that the entire sentence, or a portion of it, could have been suspended. Pollard contends that the record of the exchange between the trial judge and himself at the guilty plea proceeding earlier on 28 May 1974 demonstrates that the trial judge was unaware two months later of his discretion to suspend all or a portion of the life sentence ultimately imposed. Evidence of this, he claims, can be found when the court outlined the range of possible sentences that it could impose, as required before accepting a guilty plea, but failed to state expressly that it could suspend all or any part of such a sentence:

> THE COURT: Do you understand that if the Court accepts this plea that you could, in the discretion of the Court, either receive a life sentence, that is to be ordered to the custody of the Commissioner of Correction for a period of your natural life, or in the alternative, that you might receive anywhere from eighteen months to twenty-one years in prison, do you understand that?

---

1. Maryland Code (1957, 1971 Repl.Vol.), Article 27, § 641A provided, in pertinent part:

> Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years.

Unless otherwise provided, all statutory references are to Article 27, § 641A.

[MR. POLLARD]: Yes, sir.

THE COURT: Do you understand that if the Court accepts this plea it cannot promise you what the sentence may be?

[MR. POLLARD]: Yes, sir.

We recently considered a similar claim in *State v. Chaney,* 375 Md. 168, 179, 825 A.2d 452, 458 (2003). In 1978, two years after *Wooten* was decided, Chaney was sentenced in the Circuit Court for Calvert County to life imprisonment for a conviction of first-degree murder. *Chaney,* 375 Md. at 171, 825 A.2d at 453. Twenty-two years after his sentencing, Chaney moved in the Circuit Court for a new sentencing proceeding, arguing that the sentencing judge had not considered suspending any part of his sentence, as was allowed by Article 27, § 641A, which was in effect in 1978. *Id.* Chaney, like Pollard, cited the absence of an affirmative statement by the sentencing judge acknowledging contemporary awareness of the discretion to suspend part or all of the sentence. *Chaney,* 375 Md. at 173, 825 A.2d at 456. We reversed the Court of Special Appeals's decision to grant a new sentencing hearing. *Chaney,* 375 Md. at 177, 825 A.2d at 457. Applying the established principle that judges are presumed to know the law, we stated:

> Chaney fails to provide us with any evidence sufficient to rebut this presumption. There is nothing in the record to negate the presumption that the sentencing judge knew and properly applied the law. He did not misstate the law. In fact, as both we and the intermediate appellate court agree, he correctly stated that the only sentence available under Art 27, § 413 and *Bartholomey* [*v. State,* 267 Md. 175, 297 A.2d 696 (1972) ] was life imprisonment under these facts. The *Wooten* decision, clarifying that life sentences were subject to possible subsequent suspension, was decided *two years prior* to Chaney's conviction. Nothing has been presented that rebuts the presumption that the sentencing judge was aware of that decision. (Emphasis in original).

*Chaney,* 375 Md. at 184, 825 A.2d at 461. Pollard contends that, because he was sentenced two years before *Wooten* was

decided, we should not apply to his case the presumption that the sentencing judge knew of and exercised properly his sentencing discretion.

I would conclude that Pollard's argument fails. The sentencing judge's possible lack of prescience in 1974 in foreseeing *Wooten* is not material.[2] Our decision in *Wooten* merely "clarif[ied] that life sentences were subject to possible subsequent suspension," notwithstanding the unambiguous language of the statute to that effect. *Chaney*, 375 Md. at 184, 825 A.2d at 461. The statute was in existence and effective before *Wooten* was decided. More importantly, Article 27, § 641A was in effect when the court sentenced Petitioner in 1974. We characterized, in *Wooten*, the language of Article 27, § 641A as "clear, unambiguous and unqualified." *Wooten*, 277 Md. at 117, 352 A.2d at 831. Under the principle that judges are presumed to know the law and apply it properly, I would presume that the sentencing judge knew of Article 27, § 641A in 1974 and considered it during sentencing.

I would conclude also that Pollard's argument to rebut this presumption finds no support in the record. The inquiry at the plea acceptance stage between the sentencing judge and Pollard, when the sentencing judge correctly stated the law regarding the available range of finite sentences for a conviction of rape, does not indicate necessarily, by negative implication, a lack of awareness of Article 27, § 641A. As we noted in *Chaney*, "temporally, one must pass a sentence before one can suspend it." *Chaney*, 375 Md. at 179, 825 A.2d at 458. Although the sentencing judge did not *state expressly* that he was excising his discretion not to suspend or even to refuse to consider suspension, we do not require him to do so. *Id.* ("The issue before us, therefore, is whether the sentencing judge's failure expressly and consecutively to acknowledge the existence of a second statute permitting a suspension of that sentence, [Article 27, § 641A], [ ] is sufficient to infer that he

---

**2.** In a small twist of irony, the sentencing judge in Pollard's case was later specially assigned to this Court in 1978 and participated in deciding *Wooten.*

was unaware of its potential application to the sentence he imposed in the case *sub judice.* We conclude that it is not.").[3] Here again, "we shall not draw negative inferences from this silent record." *Chaney,* 375 Md. at 184, 825 A.2d at 461; *see also id.* ("It is well-settled that, on appeal, the burden of establishing error in the lower court rests squarely on the appellant.") (quoting *Bradley v. Hazard Technology Co.,* 340 Md. 202, 206, 665 A.2d 1050, 1052 (1995)).

Moreover, even though not critical to the analysis, I would emphasize that the record includes some arguable indicia of support for application of the presumption that the sentencing judge knew that he could suspend all or a portion of the sentence. Following acceptance of the guilty plea, the sentencing judge postponed imposition of sentence for the purpose of obtaining a pre-sentence investigation that would assist the court in "mak[ing] a more appropriate sentence than might otherwise be made." Also, immediately prior to imposing sentence, the sentencing judge inquired: "Mr. Pollard, is there anything that you wish to say in your own behalf, any reason that you wish to give to the Court why it should be lenient in imposing sentence upon you." Pollard responded: "I would like to say that I am sorry for what I done." Of course, this colloquy equally may be argued to support an inference that the sentencing judge was considering only whether to sentence Pollard somewhere in the lower portion of the range of 18 months to 21 years of incarceration, versus life imprisonment. The point remains, however, that the record does not disclose any clear indication that the judge was unaware of, or unreasonably resistant to, consideration of suspension of sentence as an option. I would agree with the conclusion of the Court of Special Appeals that "[t]he request for a presentence investigation, coupled with the judge's inquiry, demonstrate[d] that [the trial judge] was well aware of the discretion he possessed."

---

3. In *Chaney,* we discussed the purposes and implications of the established principle that judges are presumed to know and properly apply the law, which remain relevant today. *See generally State v. Chaney,* 375 Md. 168, 179–84, 825 A.2d 452, 458–61 (2003).

I would also conclude that *Williamson v. State*, 284 Md. 212, 395 A.2d 496 (1979), is clearly distinguishable from the present case. Here, the sentencing judge uttered no comment that would lead us to conclude that he refused arbitrarily or unreasonably to recognize his discretionary power to suspend all or part of Pollard's life sentence. I would therefore affirm the judgment of the Court of Special Appeals.