612

37 A.3d 308

Benoit TSHIWALA

v.

STATE of Maryland.

No. 108, Sept. Term, 2009.

Court of Appeals of Maryland.

Jan. 23, 2012.

Reconsideration Denied March 15, 2012.

Gary E. Bair, (Rachel Marblestone Kamins of Bennett & Bair, LLC, Greenbelt, MD), on brief, for Appellant.

Jessica V. Carter, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for Appellee.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, * MURPHY, ADKINS and JOHN C. ELDRIDGE, (Retired, Specially Assigned), JJ.

---

* Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

ELDRIDGE, J.

This is another case concerning the scope of Maryland Rule 4–345(a) which states: "The court may correct an illegal sentence at any time." As in numerous other cases, we shall reject the appellant's effort to expand the scope of Rule 4–345(a).

I.

The appellant, Benoit Tshiwala, was charged in the Circuit Court for Montgomery County with a multitude of criminal offenses, which were apparently divided into three groups for purposes of jury trials. On August 3, 1999, a jury found Tshiwala guilty of attempted armed robbery, use of a handgun in a felony or crime of violence, first degree assault, and conspiracy to commit armed robbery. On December 2, 1999, another jury found Tshiwala guilty of two counts of armed robbery and two counts of using a handgun in the commission of a felony or crime of violence. Finally, on February 24, 2000, a third jury found Tshiwala guilty of three counts of armed robbery, three counts of using a handgun in the commission of a felony or crime of violence, and one count of first degree assault. The same circuit judge, Vincent E. Ferretti, presided over all three trials. Judge Ferretti, on April, 28, 2000, sentenced Tshiwala to an aggregate of 70 years in prison.

Tshiwala appealed to the Court of Special Appeals which affirmed the Circuit Court's judgments in an unreported opinion. Tshiwala's petition for a writ of certiorari was denied by this Court, *Tshiwala v. State*, 367 Md. 88, 785 A.2d 1291 (2001). Subsequently, his certiorari petition filed in the United States Supreme Court was denied by that Court, *Tshiwala v. Maryland*, 535 U.S. 1065, 122 S.Ct. 1934, 152 L.Ed.2d 839 (2002).

Tshiwala then filed in the Circuit Court for Montgomery County an application for relief under the Maryland Uniform Postconviction Procedure Act, Maryland Code (2001, 2008 Repl.Vol.), § 7–101 *et seq.* of the Criminal Procedure Article.

After a hearing, the Circuit Court granted to Tshiwala the right to file a belated "Application for Review of Sentence" pursuant to §§ 8–101 through 8–109 of the Criminal Procedure Article and Maryland Rule 4–344.[1]

Tshiwala filed an application for review of his sentences, and a three-judge panel of the Sixth Judicial Circuit (which includes Montgomery County) was convened to review the sentences. The panel consisted of Circuit Administrative Judge Harrington as panel chairperson, Circuit Judge Mason and Circuit Judge Debelius. On February 21, 2007, an order by the review panel was filed which reduced the particular sentences for several of Tshiwala's convictions, so that the total

---

1. Sections 8–102 and 8–105 of the Criminal Procedure Article provide in part as follows:

"**8–102. Right to sentence review.**

(a) *Persons entitled to review.*—Except as provided in subsection (b) of this section, a person convicted of a crime by a circuit court and sentenced to serve a sentence that exceeds 2 years in a correctional facility is entitled to a single sentence review by a review panel."

\* \* \*

"**8–105. Review panel.**

(a) *Membership.*—A review panel consists of three or more circuit court judges of the judicial circuit in which the sentencing court is located.

(b) *Role of sentencing judge.*—Notwithstanding any Maryland Rule, the sentencing judge may not be a member of the review panel, but on request of sentencing judge, the sentencing judge may sit with the review panel only in an advisory capacity.

(a) *Powers and duties.*—(1) A review panel shall consider each application for review of a sentence.

(2) A review panel may require the Division of Parole and Probation to make investigations, reports, and recommendations.

A review panel:

(i) with or without a hearing, may decide that the sentence under review should remain unchanged; or

(ii) after a hearing, may order a different sentence to be imposed or served. . . . "

\* \* \*

Maryland Rule 4–344 similarly sets out the rules for the appointment of the review panel and the procedure to be followed.

Maryland Code (1974, 2006 Repl.Vol.), § 12–302(f) of the Courts and Judicial Proceedings Article provides that the general appeals statute "does not permit an appeal from the order of a sentence review panel of a circuit court . . . unless the panel increases the sentence."

period of imprisonment was reduced from 70 years to 39 years. Thus, the re-imposed sentences totaling 39 years became the only sentences for Tshiwala's 1999 and 2000 convictions. *See Gardner v. State,* 420 Md. 1, 14, 20 A.3d 801, 809 (2011) ("[W]hen a sentence review panel alters the original sentence . . . , the panel's sentence becomes the 'sentence of the court.' * * * The original sentence is erased, having been superseded"); *Hoile v. State,* 404 Md. 591, 614, 948 A.2d 30, 43–44, *cert. denied,* 555 U.S. 884, 129 S.Ct. 257, 172 L.Ed.2d 146 (2008), and cases there cited.

Next, on April 26, 2007, Tshiwala filed in the Circuit Court for Montgomery County, pursuant to Maryland Rule 4–345(e), a "Motion For Reconsideration of Sentence." [2] He sought a modification of the sentences imposed by the review panel.[3] This motion was denied in a brief order signed by Circuit Administrative Judge Harrington and Circuit Judges Mason and Debelius. The order did not expressly state that the three judges were acting pursuant to the sentence review statutory provisions, §§ 8–101 through 8–109 of the Criminal Procedure Article, and the order made no reference to those provisions.[4]

---

**2.** Maryland Rule 4–345(e) states in pertinent part as follows:

"(e) **Modification Upon Motion.** (1) Generally. Upon a motion filed within 90 days after imposition of a sentence (A) in the District Court, if an appeal has not been perfected or has been dismissed, and (B) in a circuit court, whether or not an appeal has been filed, the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant and it may not increase the sentence."

\*    \*    \*

Prior to 2004, the above-quoted provision was numbered § 4–345(b).

**3.** With respect to a defendant's right, after his or her sentence has been modified, to file a motion under Rule 4–345(e) seeking further modification of the re-imposed sentence, *see Greco v. State,* 347 Md. 423, 431–433, 701 A.2d 419, 422–424 (1997), and cases there cited.

**4.** The entire body of the order was as follows:

"**ORDER**

In November 2008, Tshiwala instituted the present action by filing in the Circuit Court for Montgomery County a "Motion To Correct Illegal Sentence" pursuant to Maryland Rule 4–345(a). The purported legal basis for this motion was that the three judges who denied reconsideration were acting in their capacity as a sentence review panel under § 8–101 *et seq.* of the Criminal Law Article, and that "the sentence review panel lacked jurisdiction to rule on the Motion for Reconsideration of Sentence." According to Tshiwala, a three-judge sentence review panel, under the statutory provisions and Rule 4–344, is limited to reviewing and acting upon the application for modification of the sentence, but, where the review panel modifies the sentence, the panel has no authority over a motion to reconsider the modified sentence. Tshiwala requested that the motion for reconsideration of the sentences imposed by the review panel "be considered by his original sentencing judge or another judge of the Circuit Court who was not part of the sentence review panel." [5]

Administrative Judge Harrington denied Tshiwala's "Motion To Correct Illegal Sentence," stating that reconsideration of the sentences totaling 39 years was denied by the same judges who imposed the sentences, that the original sentencing judge had retired, and that "[t]here is no requirement that this Court assign this case to another judge." Tshiwala appealed to the Court of Special Appeals from the order denying his Rule 4–345(a) motion to correct an illegal sentence, and this

---

Upon consideration of Defendant's Motion for Reconsideration of Sentence (Docket Entry # 358), it is this *16th* day of *May,* 2007 by the Circuit Court for Montgomery County, Maryland

ORDERED that Defendant's Motion for Reconsideration is hereby DENIED without a hearing."

**5.** It should be noted that Judge Ferretti, who was the original sentencing judge, retired on July 5, 2000, and was not available. Moreover, Judge Ferretti did not impose the sentences, totaling 39 years, which Tshiwala sought to have modified. With respect to the assignment of judges to consider motions under Rule 4–345(e), *see Strickland v. State,* 407 Md. 344, 965 A.2d 887 (2009). Regarding the assignment of judges generally to rule on motions, etc., in criminal cases, *see, e.g., State v. Peterson,* 315 Md. 73, 85–90, 553 A.2d 672, 678–681 (1989), and cases there cited.

Court issued a writ of certiorari prior to any further proceedings in the Court of Special Appeals.

The parties' arguments before us present essentially two issues: (1) whether Tshiwala's claim is cognizable under a Rule 4–345(a) motion to correct an illegal sentence; (2) if the claim is cognizable on a motion of the defendant to correct an illegal sentence, whether Judges Harrington, Mason and Debelius were authorized to decide Tshiwala's Rule 4–345(e) motion for reconsideration of his sentences. We shall hold that Tshiwala's claim is not about alleged illegal sentences and, therefore, cannot be considered under a Rule 4–345(a) motion to correct an illegal sentence. Consequently, we shall not reach the second issue.

## II.

Tshiwala's complaint clearly does not involve an "illegal sentence" within the meaning of Rule 4–345(a). The only sentences in this case are those, totaling 39 years, imposed by the review panel, and Tshiwala does not contend that they are illegal. As set forth in *Montgomery v. State,* 405 Md. 67, 74, 950 A.2d 77, 81–82 (2008), quoting *Evans v. State,* 382 Md. 248, 278–279, 855 A.2d 291, 309 (2004), *cert. denied,* 543 U.S. 1150, 125 S.Ct. 1325, 161 L.Ed.2d 113 (2005) (some internal quotation marks deleted),

> "a Rule 4–345(a) motion to correct an illegal sentence is not appropriate where the alleged illegality 'did not inhere in [the defendant's] sentence.' *State v. Kanaras, supra,* 357 Md. [170,] at 185, 742 A.2d [508,] at 517 [1999]. A motion to correct an illegal sentence ordinarily can be granted only where there is some illegality in the sentence itself or where no sentence should have been imposed.... On the other hand, a trial court error during the sentencing proceeding is not ordinarily cognizable under Rule 4–345(a) where the resulting sentence or sanction is itself lawful. *Randall Book Corp. v. State,* 316 Md. 315, 323, 558 A.2d 715, 719 (1989)...."

Moreover, where the sentence imposed is not inherently illegal, and where the matter complained of is a procedural error, the complaint does not concern an illegal sentence for purposes of Rule 4–345(a). *Montgomery v. State, supra,* 405 Md. at 75–77, 950 A.2d at 82–83. A sentence does not become "an illegal sentence because of some arguable procedural flaw in the sentencing procedure." *State v. Wilkins,* 393 Md. 269, 273, 900 A.2d 765, 768 (2006), quoting *Corcoran v. State,* 67 Md.App. 252, 255, 507 A.2d 200, 202, *cert. denied,* 307 Md. 83, 512 A.2d 377, *cert. denied,* 479 U.S. 932, 107 S.Ct. 404, 93 L.Ed.2d 357 (1986) (internal quotation marks omitted.) *See also Hoile v. State, supra,* 404 Md. at 622–623, 948 A.2d at 48.

These principles, delineating the narrow scope of a Rule 4–345(a) motion to correct an illegal sentence, have been recognized and applied in a multitude of this Court's opinions. *See, e.g., Taylor v. State,* 407 Md. 137, 141 n. 4, 963 A.2d 197, 199 n. 4 (2009) ("Historically, ... a motion to correct an illegal sentence ... 'was entertained only where the alleged illegality was in the sentence itself or the sentence never should have been imposed,'" quoting *Baker v. State,* 389 Md. 127, 133, 883 A.2d 916, 919 (2005)); *Chaney v. State,* 397 Md. 460, 466, 918 A.2d 506, 509–510 (2007) ("The *scope* of this privilege, allowing collateral and belated attacks on the sentence and excluding waiver as a bar to relief, is narrow, however. We have consistently defined this category of 'illegal sentence' as limited to those situations in which the illegality inheres in the sentence itself"); *Pollard v. State,* 394 Md. 40, 42, 904 A.2d 500, 501 (2006) (The sentencing judge erroneously "did not recognize his discretion to suspend a portion of the sentence imposed. Because the alleged illegality did not inhere in the sentence itself, the motion to correct an illegal sentence is not appropriate"); *State v. Wilkins, supra,* 393 Md. at 275, 900 A.2d at 769 (Similar error as that in *Pollard,* and the Court reiterated that "[a]n error committed by the trial court during the sentencing proceeding is not ordinarily cognizable under Rule 4–345(a) where the resulting sentence or sanction is itself lawful"); *Evans v. State,* 389 Md. 456, 463, 886 A.2d 562, 565 (2005) ("[W]here the sentence itself was lawful, such a motion

[under Rule 4–345(a) ] was not appropriate.... There was nothing intrinsically illegal in Evans's sentence"); *Ridgeway v. State,* 369 Md. 165, 171, 797 A.2d 1287, 1290 (2002) (The trial court imposed sentences on certain counts where the jury had acquitted the defendant, and Rule 4–345(a) authorized the court's later order vacating those sentences which were clearly illegal); *State v. Kanaras,* 357 Md. 170, 185, 742 A.2d 508, 517 (1999) (The illegal acts of certain public officials, which denied "inmates in Kanaras's position the parole consideration to which they were entitled ..., did not render illegal Kanaras's sentence. The illegality was in the conduct of [the officials]; it did not inhere in Kanaras's sentence"); *Moosavi v. State,* 355 Md. 651, 662, 736 A.2d 285, 291 (1999) (Where the defendant was charged, convicted and sentenced "under an entirely inapplicable statute," the "sentence under the inapplicable statute is an illegal sentence [under Rule 4–345(a) ] which may be challenged at any time"); *Campbell v. State,* 325 Md. 488, 508–509, 601 A.2d 667, 677 (1992) (same); *Walczak v. State,* 302 Md. 422, 425–427, 488 A.2d 949, 951 (1985).

It is obvious that Tshiwala's complaint is not cognizable under Rule 4–345(a). His complaint is not that the sentences totaling 39 years, imposed by the review panel, are in any manner illegal. He has not suggested or intimated that there is any infirmity in the 39–year sentences. Instead, his complaint is aimed at a procedural matter occurring after the imposition of the 39–year sentences, namely the Circuit Court's handling of his Rule 4–345(e) motion for reconsideration. Tshiwala's complaint is that the motion should not have been assigned to Judges Harrington, Mason and Debelius. Assuming *arguendo* that this assignment was improper, a sentence does not become illegal "because of some arguable procedural flaw," *State v. Wilkins, supra,* 393 Md. at 273, 900 A.2d at 768. This is particularly true when the alleged "procedural flaw" occurred after sentencing and related to a motion for reconsideration.

Tshiwala has phrased his argument in terms of "jurisdiction," contending that Judges Harrington, Mason and Debelius "lacked jurisdiction to rule on the Motion for Reconsideration

of the Sentence." If we assume, for purposes of this case only, that it constituted error for these three judges to rule on the motion, this would not mean that they lacked subject matter jurisdiction or, as it is often called, "fundamental jurisdiction." There is a difference between a court or judge lacking "fundamental jurisdiction" and improperly "exercising jurisdiction." Because a court or judge is unauthorized to take particular action or is erroneously exercising jurisdiction, does not mean that the court or judge does not have basic subject matter jurisdiction. This distinction has been explained in numerous opinions.

In the leading case of *First Federated Commodity Trust Corp. v. Commissioner,* 272 Md. 329, 322 A.2d 539 (1974), the appellant argued that a decree of the Circuit Court was inconsistent with a statute and that, therefore, the Circuit Court lacked subject matter jurisdiction. This Court initially pointed out that (272 Md. at 334, 322 A.2d at 543)

"[w]hat is meant by the lack of jurisdiction in its fundamental sense such as to make an otherwise valid decree void is often misunderstood. As Judge Horney noted for this Court in *Moore v. McAllister,* 216 Md. 497, 507, 141 A.2d 176 (1958):

'Juridically, jurisdiction refers to two quite distinct concepts: (i) the *power* of a court to render a valid decree, and (ii) the *propriety* of granting the relief sought. 1 *Pomeroy, Equity Jurisprudence* (5th ed. 1941), Secs. 129–31.' "

In a holding that the violation of the statute did not deprive the Circuit Court of subject matter jurisdiction, Judge Digges for this Court set out the definition of subject matter jurisdiction which has repeatedly guided this Court (272 Md. at 335, 322 A.2d at 543):

"If by that law which defines the authority of the court, a judicial body is given the *power* to render a judgment over that class of cases within which a particular one falls, then its action cannot be assailed for want of subject matter jurisdiction."

In a much later case where one of the parties asserted that a tribunal's decision, jurisdiction, *Board of License Comm. v. Corridor Wine, Inc.*, 361 Md. 403, 417–418, 761 A.2d 916, 923 (2000), the Court stated:

"Simply because a statutory provision directs a court . . . to decide a case in a particular way, if certain circumstances are shown, does not create an issue going to the court's . . . subject matter jurisdiction. There have been numerous cases in this Court involving the situation where a trial court . . . has jurisdiction over the subject matter, but where a statute directs the court . . ., under certain circumstances, to exercise its jurisdiction in a particular way, . . . and the tribunal erroneously refuses to do so because an error of statutory interpretation or an error of fact. In these situations, this Court has regularly held that the matter did not concern the subject matter jurisdiction of the trial court. . . ."

*See also, e.g., Brown v. State,* 409 Md. 1, 5–9, 971 A.2d 932, 934–936 (2009); *John A. v. Board of Education,* 400 Md. 363, 388, 929 A.2d 136, 151 (2007); *Application of Kimmer,* 392 Md. 251, 254–255 n. 1, 896 A.2d 1006, 1008 n. 1 (2006); *Board of Nursing v. Nechay,* 347 Md. 396, 405–407, 701 A.2d 405, 410–411 (1997); *Cardinell v. State,* 335 Md. 381, 424–425 n. 8, 644 A.2d 11, 32 n. 8 (1994) (dissenting opinion which was later adopted by the Court, *see Rush v. State,* 403 Md. 68, 98, 939 A.2d 689, 706 (2008), and *State v. Green,* 367 Md. 61, 785 A.2d 1275 (2001)); *Parker v. State,* 337 Md. 271, 282–284, 653 A.2d 436, 441–442 (1995); *Kaouris v. Kaouris,* 324 Md. 687, 708–709, 598 A.2d 1193, 1203 (1991); *Pulley v. State,* 287 Md. 406, 414–419, 412 A.2d 1244, 1248–1251 (1980).

In light of our cases, the denial of Tshiwala's motion for reconsideration, whether or not an erroneous exercise of jurisdiction, was not beyond the Circuit Court's subject matter jurisdiction.

Finally, even if there had been a "jurisdictional" problem with the order denying reconsideration, it would not affect the legality of the 39-year sentences. Throughout this action,

Tshiwala has not suggested any illegality in those sentences. Therefore, he has no cause of action under Rule 4–345(a).

*JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. APPELLANT TO PAY COSTS.*